■ BIGMAN ASSOCIATES, INC., Appellant, v STEPHEN FOX et al., Respondents.—In an action to recover a real estate brokerage commission, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Baisley, J.), dated August 27, 1985, which dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

On November 1, 1983, the plaintiff, a real estate broker, entered into a written brokerage agreement with the defendants whereby the defendants agreed to pay the plaintiff a commission of 8% of the selling price "in the event that the property * * * is sold or exchanged during the term of this contract" or "in the event a purchaser is obtained, ready, willing, and able to purchase the property upon the above terms [a selling price of $77,500] or upon such other terms as accepted by me [the defendant sellers]". Thereafter, on November 10, 1983, the defendants entered into a written contract to sell the subject premises to purchasers obtained by the plaintiff. By one of its express terms, the contract was made contingent upon the purchasers' procurement of a mortgage. In the event that the purchasers failed to obtain a mortgage commitment by December 10, 1983, either party could terminate the agreement. In fact, the sale was never consummated, because the purchasers failed to secure a mortgage commitment within the time provided by the contract.

Under these circumstances, we conclude that the complaint was properly dismissed. Although a broker is generally entitled to a commission when he produces a buyer ready, willing and able to purchase the subject property on terms acceptable to the seller (see, Graff v Billet, 101 AD2d 355, affd 64 NY2d 899; Lane-Real Estate Dept. Store v Lawlet Corp., 28 NY2d 36; Hecht v Meller, 23 NY2d 301; Levy v Lacey, 22 NY2d 271), the broker's right to a commission may be varied by agreement (see, Graff v Billet, supra, at 356). Here, the brokerage agreement provided, in pertinent part, that the defendants would be obligated to pay the commission if a purchaser was obtained who was ready, willing and able to purchase the property upon terms acceptable to the sellers. The terms of sale acceptable to the sellers included a provision in the contract of sale making the transaction contingent upon the purchasers' acquisition of a mortgage commitment by a date certain. Thus, the broker's entitlement to a commission became contingent upon the purchasers' procurement of financing by that date, and when the purchasers failed to obtain such financing, the contract was terminated, and the purchasers were no longer ready, willing and able to purchase the

property in question upon terms acceptable to the defendant sellers. Simply put, the condition in the brokerage agreement triggering the plaintiff broker's right to a commission was not met. Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.