■ JOSEPH RUBENFELD, Doing Business as ALLIED REALTIES, Respondent, v JJJ & N CATERING CORP. et al., Appellants.—In an action to recover a real estate brokerage commission, the defendants appeal (1) from an order of the Supreme Court, Queens County (Hyman, J.), dated September 16, 1986, which denied their motion for summary judgment and granted the plaintiff's cross application for summary judgment against both defendants, and (2) from a judgment of the same court, dated September 30, 1986, which is in favor of the plaintiff and against them in the principal sum of $61,500.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The defendant Leone, the owner of a building in which he operated a catering business, and the plaintiff, a real estate broker, entered into a written agreement whereby the defendant agreed to pay the plaintiff a certain commission "in case the property is sold by you". The plaintiff then produced buyers with whom the defendant, on April 5, 1984, entered into written contracts of sale for the building and the catering business. The contracts provided, *inter alia,* that (1) the plaintiff was the sole broker who brought about the transaction and (2) the defendants would pay the plaintiff a brokerage commission.

By one of its express terms, the contract of sale of the building was made contingent upon the buyers' procurement of a mortgage. Specifically, clause 29 of the contract of sale of the building states as follows: "29. It is understood and agreed that this contract is subject to and conditioned upon the ability of the Purchaser to obtain a conventional mortgage

from a bank or other lending institution in the sum of not less than $495,000, for a term of not less than 10 years, with interest at the prevailing rate per annum, said loan to be obtained at the sole expense of the Purchaser. The Purchaser agrees to make prompt, diligent and truthful application for said mortgage and to proceed in good faith to obtain the same. In the event the Purchaser is unable to obtain said mortgage, on or before May 5, 1984, either party shall have the option of cancelling this contract by giving written notice on or before that date to the other thereof, and the Seller shall return to the Purchaser the deposit made under the terms of this contract and this contract shall be deemed null and void and of no further force and effect, and neither party shall have any further liability against the other". Although the buyers failed to obtain a mortgage commitment on or before May 5, 1984, the defendants never timely canceled the contracts on that ground, as required by clause 29 of the contract (cf., *Bigman Assocs. v Fox*, 133 AD2d 93). Instead, the defendants, by letter dated August 6, 1984, canceled the contracts "as per Clause #25" of the contract. Clause 25 of the contract provides as follows: "25. This contract may be terminated at any time up to and including closing date by the Seller at his option with the sole requirement that he return all monies received on contract without interest". Under these circumstances, Trial Term properly granted summary judgment to the plaintiff broker (see, *Lane-Real Estate Dept. Store v Lawlet Corp.*, 28 NY2d 36, 42). Mangano, J. P., Thompson, Lawrence and Harwood, JJ., concur.