■ FEDEL FACEY et al., Respondents, v IRMA DESVARIEUX, Appellant.

The defendant seller and the plaintiff purchasers entered into a contract for the sale of a house on October 10, 1984. The contract was conditioned upon the purchasers obtaining a firm mortgage commitment from a lending institution within 60 days. If the mortgage could not be obtained within that time, without fault of the purchasers, then either party was permitted to cancel the contract by giving written notice to the attorney for the other party. In addition, the down payment would be returned. The mortgage contingency clause also provided that the contract could not be canceled after a firm mortgage commitment is issued.

On December 11, 1984, after the 60 days had expired, the seller asked her attorney whether a mortgage commitment had been obtained by the purchasers. Upon being told that no

definite answer could be given at that time and that the broker would inquire and "get back" to the attorney, the seller stated that she wanted to cancel the contract. The seller's attorney then prepared a letter canceling the contract and, allegedly, gave it to the seller to mail together with a check in the amount of the down payment. The seller denied being given the letter. On that same day, December 11, 1984, the mortgage broker orally informed the seller's attorney that a mortgage commitment had been obtained from a lending institution. The letter from the lending institution advising of the approval of the mortgage loan was dated December 11, 1984. It stated, *inter alia*, that the "commitment is not in effect unless" the purchasers paid a nonrefundable deposit in the amount of $900. The letter stated further that the lending institution "WILL NOT SCHEDULE THIS LOAN FOR CLOSING NOR IS THIS COMMITMENT VALID UNTIL FEE IS PAID". The purchaser Fedel Facey testified that he received this letter on December 14, 1984, and, on that same day, mailed the $900 fee as well as the required documents. The postmark on the seller's purported letter of cancellation was December 13, 1984.

We agree with the Supreme Court that the seller's purported cancellation of the contract was not timely and, therefore, affirm the judgment.

The term "mortgage commitment" in its ordinary dictionary meaning is a formal written communication setting forth the terms and conditions of the mortgage loan *(see, Carpenito v Balint,* 145 AD2d 458; Black's Law Dictionary 912 [5th ed 1979]). The term "firm commitment" means that the lending institution has given an option to the buyer to take a mortgage, and that commitment is no less firm because the buyer had the option to reject it *(see, Livoti v Mallon,* 81 AD2d 533). In the instant case, the offer of commitment *(see, Lieberman v Pettinato,* 120 AD2d 646) was issued on December 11, 1984, and the fact that the buyers had the option to reject it does not make it any less than a firm commitment *(see, Livoti v Mallon, supra).* The mortgage contingency clause provides, *inter alia,* that the contract shall not be canceled after a firm mortgage commitment is issued. Thus, on December 13, 1984, when the letter purporting to cancel the contract was mailed, a firm commitment had already been issued. The fact that at the time the mortgage commitment was issued the 60 days had expired is irrelevant, since at that time the seller had not exercised her right to cancel the contract. Mangano, J. P., Kunzeman, Eiber and Kooper, JJ., concur.