■ ROBERT GABRIELLI, Doing Business as READING REALTY, Respondent, v RALF FABIAN et al., Appellants.—Mercure, J. Appeal from an order of the Supreme Court (Torraca, J.), entered December 22, 1989 in Ulster County, which denied defendants' motion for summary judgment dismissing the complaint.

On September 3, 1987, defendants entered into a written contract granting plaintiff, a real estate broker, the exclusive right to sell their real property. The contract provided for a $395,000 listing price and described the property as a 70-acre parcel located on Albany Post Road in the Town of Gardiner, Ulster County, excepting six acres to be surveyed and retained by defendants to preserve the view from apartments owned by defendants on neighboring property. In the spring of 1988, following the expiration of the listing agreement, plaintiff procured the New Paltz Central School District as a potential purchaser for the property. The school district first offered $280,000 and then $350,000 for the property. Defendants rejected both offers but countered with an offer to sell the

property for $370,000 upon condition that the proposed school building be a one-story structure only, to preserve the existing view of the Shawangunk Mountains. This offer, embodied in a written contract prepared by defendants' attorneys and forwarded to the school district, was rejected. Following further discussions and an offer by defendants to withdraw the one-story limitation in exchange for the right to retain 10 acres from the front of the property and the placement of the school building further to the rear of the parcel, the negotiations fell apart. It is undisputed that the subject property was never sold to the school district or anyone else.

Plaintiff, alleging that he had produced a ready, willing and able purchaser for the property, brought this action to recover a commission. Following joinder of issue, defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion and defendants appeal.

In our view, Supreme Court should have granted summary judgment in favor of defendants dismissing the complaint, and we accordingly reverse. It is fundamental that a real estate broker earns his commission when he produces a buyer who is ready, willing and able to purchase the subject property under the terms offered by the seller (see, Lane—Real Estate Dept. Store v Lawlet Corp., 28 NY2d 36, 44; Agency, Broad & Cornelia St. v Lavigne, 97 AD2d 934, lv dismissed 61 NY2d 904). "It is his duty to bring the minds of the parties to an agreement, not only as to the price of the property which may be involved, but other essential matters, such as the closing date and delivery of possession, and matters pertaining to restrictions, encumbrances, mortgages, and the payment of taxes; until this is done his right to a commission does not accrue" (11 NY Jur 2d, Brokers, § 111, at 473-474; see, Kaelin v Warner, 27 NY2d 352, 355-356). Here, defendants' uncontradicted factual showing establishes prima facie that the exchange of offers and counteroffers between defendants and the school district amounted to nothing more than unsuccessful negotiations and that the parties never reached agreement on the essential contract terms.

We also reject plaintiff's contention that the one-story restriction was a new, unreasonable, unnecessary demand or term that caused the transaction to fail (see, 11 NY Jur 2d, Brokers, § 124, at 492-493). Plaintiff was aware of defendants' concern for protecting the view of the Shawangunk Mountains at all relevant times. The listing agreement itself made provision therefor. Moreover, this is not a case where the broker obtained a buyer offering to purchase the property on the

terms stated in the listing agreement *(see, e.g., Davidson v Stocky,* 202 NY 423, 425) or where the seller and buyer came to agreement on the essential terms of a contract *(see, e.g., Tanenbaum v Boehm,* 202 NY 293) and the seller thereafter injected additional terms or conditions. To the contrary, the school district's highest offer was considerably less than the listing price and, as noted, the evidence presented on the motion establishes that the parties never did reach agreement on the terms of a contract.

Order reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed. Kane, J. P., Casey, Yesawich, Jr., and Mercure, JJ., concur.

Mikoll, J., dissents and votes to affirm in a memorandum.

Mikoll, J. (dissenting). I respectfully dissent.

The facts here are sufficiently controverted so that an issue of fact has been raised as to whether an agency agreement existed between the parties, what its terms were and whether plaintiff secured a ready, willing and able purchaser.

Plaintiff contends that after the written listing agreement expired, an oral agency agreement existed between plaintiff and defendants that was satisfied when plaintiff produced the school district as a prospective buyer. Plaintiff contends that the school district agreed to purchase the property on all the terms and conditions defendants demanded. These terms did not include a height limitation on any building constructed on the property. Thereafter, defendants interjected a one-story limitation that they had not previously insisted on. Defendants, on the other hand, contend that no final agreement was reached and plaintiff is, therefore, not entitled to a broker's commission.

We are confronted here with a credibility issue between the parties, the resolution of which should await trial *(see, Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439). Summary judgment was therefore properly denied in my view.