■ DONALD E. WELCH REAL ESTATE, INC., Respondent, v HERITAGE BROADCASTING COMPANY OF NEW YORK, INC., Appellant. [597 NYS2d 189] —Casey, J. Appeal from a judgment of the Supreme Court (Prior, Jr., J.), entered February 27, 1992 in Albany County, upon a decision of the court in favor of plaintiff.

Plaintiff, a licensed real estate broker, was engaged by defendant, the owner of television station WXXA, to locate property suitable for defendant's television operation. Plaintiff showed defendant a building located at 1245 Kings Road in the Town of Colonie, Albany County. After viewing this prop-

erty, a letter was signed by the parties on May 25, 1989 in which defendant authorized plaintiff to act as its exclusive real estate broker in handling the purchase of the Kings Road property. This letter expressly provided for the payment of a commission as follows: "It is understood that a commission of 7% shall be paid by WXXA as buyer of the above referred property and due upon passing of good title". Subsequently, on October 19, 1989, a contract of sale was entered into between Kings Road Realty, as seller, and defendant, as buyer, relative to the Kings Road property. The contract, which was also signed by plaintiff's president as escrow agent only, relevantly provided for a purchase price of $1,300,000 and made the sale contingent upon defendant obtaining a first mortgage loan in the amount of $1,000,000 amortized to a term of at least 20 years. The contract contained a financing contingency expiration date of November 30, 1989 and specifically provided for waiver of the contingency upon defendant's failure to notify the seller before the expiration date of its inability to obtain the requisite financing.

When the expiration date passed, Kings Road Realty, by letter dated April 24, 1990, demanded that defendant close the transaction on May 8, 1990 and made time of the essence. When defendant failed to appear at the scheduled closing, Kings Road Realty deemed defendant to have breached the contract between them. Apparently in reliance on this claimed breach, plaintiff commenced this action to recover the real estate commissions it would have earned if the transaction had closed. Although the seller, Kings Road Realty, is not a party to this action, Supreme Court found a wrongful breach by defendant of its contract with Kings Road Realty and, further, determined that the breach had deprived plaintiff of its real estate commissions. Judgment was awarded to plaintiff in the amount of $91,000 plus interest from May 8, 1990, together with costs and disbursements. Defendant appeals.

The breach of contract found by Supreme Court was based solely on defendant's failure to notify Kings Road Realty of defendant's inability to obtain the requisite financing by November 30, 1989, the expiration date provided for in the contract between these parties. We do not believe that plaintiff can succeed on this basis. Plaintiff was neither a party to, nor a beneficiary of, the contract between defendant and Kings Road Realty. None of the obligations of this contract was imposed on plaintiff; none of its benefits accrued to plaintiff. The relevancy of this contract was to demonstrate whether the objective that plaintiff was hired by its principal

(defendant) to achieve was, in fact, achieved. It was not. The relationship between plaintiff and defendant, a prospective buyer, was that of agent and principal in the quest for the purchase of suitable property desired by the principal. The letter agreement of May 25, 1989, which was their contract, specifically provided that a commission would become due and payable to plaintiff only "upon passing of good title". The undisputed trial evidence revealed that no closing was ever held, so no title ever passed to defendant.

That these parties were free to agree that a contract of sale actually be consummated before plaintiff is deemed to have earned its commission is not in doubt and this condition will be recognized as valid as long as the failure of the condition is not due to the fault of defendant (Levy v Lacey, 22 NY2d 271, 274; Amies v Wesnofske, 255 NY 156, 162-164). On this record there is no showing that defendant willfully, intentionally or otherwise acted in any manner detrimental to the interests of plaintiff, its agent. Plaintiff found the property; it actively aided and assisted in defendant's attempts to finance the property with two separate banks. Plaintiff kept Kings Road Realty informed of the efforts that were made to obtain the financing. The only reason for defendant's failure to obtain the requisite financing, despite the combined efforts of plaintiff and defendant, was the refusal of the banks to extend credit to defendant, not defendant's failure to give timely notice of its inability to obtain financing.

In its role as defendant's agent, plaintiff was well aware of defendant's need to obtain financing in order for the closing to occur. Plaintiff actively participated in defendant's efforts to obtain the necessary financing and knew they were unsuccessful. There is no evidence of any bad faith on defendant's part. In these circumstances, we are of the view that insofar as plaintiff is concerned, the failure of the condition in its contract with defendant, which required the passing of title for the commission to become due and payable, was not caused by defendant's fault. Accordingly, plaintiff is not entitled to its commissions under its agreement with defendant. The judgment appealed from must, therefore, be reversed and the complaint dismissed.

Levine, J. P., Mercure, Mahoney and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, with costs, and complaint dismissed.