■ RONALD O. ROBISON et al., Respondents, v M. DANIEL SWEENEY, Defendant, and KATHLEEN SWEENEY, Appellant. (Ac-

tion No. 1.) NANCY NAJER, Individually and Doing Business as NAJER REALTY, Respondent, v KATHLEEN SWEENEY, Appellant, et al., Defendant. (Action No. 2.) [753 NYS2d 583] —Kane, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered January 29, 2000 in Warren County, which, inter alia, granted plaintiffs' motions for summary judgment in action Nos. 1 and 2.

Defendants jointly owned property located at Crystal Lake in the Town of Horicon, Warren County. In July 2000, defendants listed the property for sale with plaintiff Nancy Najer of Najer Realty whereby they agreed to pay a 6% commission upon the sale of the property. The price, initially listed at $550,000, was reduced to $495,000. No furniture was listed with the house. In September 2000, Najer sent defendants a proposed contract executed by plaintiffs Ronald O. Robison and Lo Ann Robison offering a purchase price of $500,000, including "all furnishings and fixtures, lawn care equipment, watercraft." Under the contract heading, "[I]tems excluded from [the] sale," defendants added the language, "list of furnishings will follow," executed same on September 27, 2000 and sent it back to Najer. The original proposed agreement placed no obligation on defendants to remedy any defect on the property. Najer forwarded the contract as altered to the Robisons by fax memo dated September 27, 2000, noting that defendant Kathleen Sweeney would work on the list of furnishings, but it would be at least until Sunday, October 1, 2000 before the list would be together.

Instead of waiting for the list, the Robisons made what could be construed as a counteroffer dated September 28, 2000, which increased the purchase price, contained a list of items of personal property and added a provision requiring defendants to repair a retaining wall at a cost up to $15,000 and to repair a leaking skylight in the kitchen. On September 29, 2000, what could be construed as a second counteroffer was prepared and executed by the Robisons and sent to defendants. This document contained a more detailed list of fixtures and furniture to be included in the sale. The sale price remained at the sum of $510,000, but with an adjustment for reduction should defendants remove furnishings which were not listed. The document also further modified the terms with respect to the repair of the retaining wall. This counterproposal indicated that if the cost of repairing the retaining wall was in excess of $15,000, the amount over $15,000 would be subject to further agreement of the parties. Both of these proposals were received by defendants prior to the original anticipated date for them to

prepare their list of the property included in the sale. The second addendum was signed by defendant M. Daniel Sweeney, who signed his own name and that of his wife without having her expressed authority to do so. Upon learning that her husband had signed her name to the second addendum, Kathleen Sweeney notified Najer that the signature was not hers and refused to acknowledge the validity of the executed contract.

The Robisons commenced action No. 1 in December 2000 seeking specific performance of the real estate contract. Najer commenced action No. 2 seeking her contracted commission for the sale of the subject property. As a defense to these actions, Kathleen Sweeney[1] asserted, inter alia, that there was no meeting of the minds of the parties and, thus, the contract is unenforceable. The Robisons moved for summary judgment in action No. 1 seeking specific performance. Najer cross-moved for summary judgment in action No. 2 against Kathleen Sweeney seeking compensatory damages. Supreme Court granted both the motion and the cross motion for summary judgment. Thereafter, a judgment was entered in action No. 2. Kathleen Sweeney now appeals.

In order to grant summary judgment, a court must find that no genuine issue of material fact exists and that the moving party has demonstrated that it is entitled to judgment as a matter of law (*see* CPLR 3212 [b]; *Cox v Kingsboro Med. Group*, 88 NY2d 904, 906; *Cafferty v Thompson*, 223 AD2d 99, 101, *lv denied* 88 NY2d 815). Based upon our review of the record, we find that plaintiffs have not sustained their burden since the record reveals questions of fact as to the existence of an enforceable agreement demonstrating " 'a meeting of the minds' necessary for formation of a contract" (*Berlinger v Lisi*, 288 AD2d 523, 524; *see Realty Investors of USA v Bhaidaswala*, 254 AD2d 603, 604), and we therefore reverse.

"To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms. * * * Generally, courts look to the basic elements of the offer and the acceptance to determine whether there is an objective meeting of the minds sufficient to give rise to a binding and enforceable contract" (*Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589 [citation omitted]; *see Keis Distribs. v Northern Distrib. Co.*, 226 AD2d 967, 968-969).

---

1. We note that M. Daniel Sweeney has not appeared in either of these actions and that a default judgment has been taken against him in action No. 2.

Given the extent of the furniture involved in this proposed sale[2] and the additional terms and conditions with respect to defendants' obligations with respect to repairs, we find that there is a question of fact as to whether the parties considered their original agreement to be a final contract as opposed to an agreement to agree (*see e.g. Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 481-482, *cert denied* 498 US 816). Plaintiffs continued offers modifying the terms of sale create a question of fact as to whether even plaintiffs considered themselves to have a binding agreement prior to the execution of the "second addendum" by M. Daniel Sweeney.

" 'It is a fundamental principle of contract law that a valid acceptance must comply with the terms of the offer * * * and, if qualified with conditions it is equivalent to a rejection and counteroffer' " (*Willis v Ronan*, 218 AD2d 794, 795, quoting *Roer v Cross Country Med. Ctr. Corp.*, 83 AD2d 861). For this reason, we find the Robisons' reliance on *Wacks v King* (260 AD2d 985) misplaced. The Robisons argue that here, like *Wacks*, the written residential contract of sale contained all of the essential terms and is therefore enforceable. However, the facts in *Wacks* are clearly distinguishable in that the defendant therein moved for summary judgment alleging that the contract failed to comply with the statute of frauds in that the contract failed to contain all the "essential and material elements" (*id.* at 986-987). In denying the motion, we found that while the contract survived a statute of frauds defense, there were factual issues as to whether the parties had a binding and enforceable contract (*id.*). Here, Kathleen Sweeney appears to have abandoned the statute of frauds defense, and claims only that there was, in fact, no contract, since there was no meeting of the minds.[3] Thus, a jury could find that by varying the terms of the offer, the Robisons indicated an intent to continue to negotiate the essential terms of the proposed agreement, which raises issues as to whether they intended to be bound by the contract of sale. In this respect, Supreme Court's characterization of the addendum as a nullity, as a matter of law, is incorrect.[4]

We also disagree with Supreme Court's conclusion that Najer is entitled to summary judgment. "[I]t is settled law that a

---

2. This was a fully furnished five-bedroom house and the Robisons listed virtually every item of furniture in the sale, including a grand piano.

3. The statute of frauds, while not asserted as a defense in action No. 2, was asserted in action No. 1.

4. Supreme Court considered it a nullity because Kathleen Sweeney did not sign the addendum.

broker's right to a commission is not dependent upon the execution of a legally enforceable sales contract, so long as the seller and buyer have come to a meeting of the minds on the essential terms of the transaction" (*Realty Investors of USA v Bhaidaswala*, 254 AD2d 603, 604, *supra*). Given that the record here raises questions of fact as to whether the Robisons and defendants had a "meeting of the minds" regarding the essential terms of the contract, we find that Supreme Court improperly granted Najer's cross motion for summary judgment in action No. 2.

Crew III, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motions denied.