■ STEVEN G. WALTHER, INC., Appellant, v ANGELO TARANTO, Respondent. [791 NYS2d 803]—

Appeal from an order of the Supreme Court, Monroe County (Andrew V. Siracuse, J.), entered December 23, 2003. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint in an action for breach of contract.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the cross motion is denied, the complaint is reinstated, the motion is granted and judgment is ordered in accordance with the following memorandum: Plaintiff, a licensed real estate broker, commenced this action alleging breach of a real estate listing agreement and seeking $7,350 as the commission it allegedly earned in procuring buyers for defendant's residential property. Supreme Court erred in denying plaintiff's motion for summary judgment and granting defendant's cross motion for summary judgment dismissing the complaint. The purchase and sale contract between the buyers and defendant includes an addendum, the sale and transfer of title contingency, which provides that the offer of the buyers is contingent upon the sale of their existing residence. The addendum further provides that, if defendant received another purchase offer, he was entitled, upon notice to the buyers, to accept that offer and cancel the contract with the buyers unless they removed the sale and transfer of title contingency within three days after receiving such notice from defendant. Under the terms set forth in the addendum, the buyers could remove the contingency by demonstrating in writing that they had "accepted a mortgage loan commitment which does not require the sale and transfer of title of the Existing Property as a condition of the mortgage

loan funding." The buyers complied with that requirement by obtaining and providing proof to defendant of a mortgage commitment that was expressly not conditioned on the sale of their current residence (*see Avery v Zahm*, 178 Misc 2d 827, 831 [1998]). Contrary to defendant's contention, the mortgage loan commitment satisfied the requirements for removal of the sale and transfer of title contingency even though it was also "subject to an acceptable appraisal report" and additional conditions not prohibited by the contract (*see id.*; *see also Facey v Desvarieux*, 158 AD2d 508, 509 [1990], *appeal dismissed* 76 NY2d 850 [1990]; *Friend v McGarry*, 141 Misc 2d 479, 482 [1988]). The buyers procured by plaintiff therefore remained ready, willing and able to complete the purchase pursuant to the terms of the purchase and sale contract, and plaintiff is entitled to its commission (*see Mecox Realty Corp. v Rose*, 202 AD2d 404 [1994]; *cf. Bigman Assoc. v Fox*, 133 AD2d 93 [1987]). We therefore reverse the order, deny the cross motion, reinstate the complaint, grant plaintiff's motion and order that judgment be entered in favor of plaintiff for $7,350 together with interest at the statutory rate commencing October 24, 2002 plus costs and disbursements. Present—Pigott, Jr., P.J., Green, Gorski, Smith and Lawton, JJ.