■ HEELAN REALTY AND DEVELOPMENT CORP., Respondent-Appellant, v ROBERT OCSKASY, Appellant-Respondent. [812 NYS2d 124]—

In an action, inter alia, to recover a real estate brokerage commission, the defendant appeals from (1) a decision of the Supreme Court, Putnam County (Hickman, J.H.O.), dated March 24, 2005, and (2) a judgment of the same court, entered March 25, 2005, which, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $6,500 and the plaintiff cross-appeals, on the ground of inadequacy, from the same decision and judgment.

Ordered that the appeal and cross appeal from the decision are dismissed (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is reversed, on the law, and the complaint is dismissed; and it is further,

Ordered that the cross appeal is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff commenced this action, inter alia, to recover a real estate brokerage commission in the sum of $13,300, alleging that it had entered into a listing agreement with the defendant and had produced a prospective purchaser for the subject property, thereby completely satisfying its obligations under the contract. Following a nonjury trial, the Supreme Court was unable to conclude that a sale would have occurred based on the offer procured by the plaintiff, but nevertheless invoked its equitable jurisdiction to award one half of the commission sought as compensation for the plaintiff's efforts in marketing the property. Both parties appealed. We reverse on the defendant's appeal, and dismiss the complaint.

While there was adequate testimony, as credited by the trial court (*see generally Sterling v Sterling,* 21 AD3d 663 [2005]; *Martin v Fitzpatrick,* 19 AD3d 954 [2005]), to support its conclusion that the contractual relationship of the parties continued beyond the expiration date of the written listing agreement, the plaintiff failed to present legally sufficient evidence of its entitlement to payment of a brokerage commission. To establish the right to a commission, a broker must demonstrate that he or she produced a ready, willing, and able purchaser who came to a meeting of the minds with the seller as to all of the material terms of the sale (*see Rusciano Realty Servs. v Griffler,* 62 NY2d 696, 697 [1984]; *Lane—Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36, 44 [1971]; *Dagar Group, Ltd. v South Hills Mall, LLC,* 12 AD3d 552, 554 [2004]; *Hampton Country Real Estate v Rizzo,* 305 AD2d 458, 459 [2003]; *2001 Real Estate: Space Catalyst v DiBenedetto,* 207 AD2d 442 [1994]; *Gabrielli v Fabian,* 167 AD2d 684, 685 [1990]). However, at trial, the plaintiff elicited the testimony of a principal of the prospective buyer indicating that the buyer was not advised regarding the environmental contamination and subsequent remediation of the subject property, or of the fact that regulatory approvals of the cleanup work had not yet been obtained. Moreover, the witness was unable to state that the prospective buyer would have consummated the purchase had it been aware of the contamination issue. Under these circumstances, the plaintiff failed to establish both that the buyer was ready, willing, and able to purchase the property and that there was a meeting of the minds between the buyer and the defendant seller as to this matter. Accordingly, there was a failure of proof on the plaintiff's contract claim.

The plaintiff similarly failed to establish the requisite elements for recovery on a theory of account stated (*see generally M & A Constr. Corp. v McTague,* 21 AD3d 610 [2005]; *Erdman Anthony & Assoc. v Barkstrom,* 298 AD2d 981 [2002]; *Martin H. Bauman Assoc. v H & M Intl. Transp.,* 171 AD2d 479 [1991]).

The Supreme Court erred in fashioning an equitable award to provide some measure of consolation to the plaintiff. Ritter, J.P., Luciano, Mastro and Skelos, JJ., concur.