■ Bruce Carpenter et al., Respondents, v Mary A. Morrette, Individually and as Administrator of the Estate of Harold V. Birch, et al., Appellants. [829 NYS2d 246]—

Mugglin, J. Appeal from an order of the Supreme Court (Dawson, J.), entered September 12, 2005 in Essex County, which granted plaintiffs' motion for summary judgment.

In this action to reform a deed, defendants dispute neither the applicable law nor the facts, but argue that the presence of credibility issues and conflicting inferences not only demonstrates that Supreme Court erroneously granted summary judgment to plaintiffs but that this Court should grant them summary judgment and dismiss the complaint. We disagree and affirm.

"Equity will reform an instrument which, by mistake, does not reflect the agreement reached between the parties; however,

the burden is on the party seeking relief to establish cause for reformation of the instrument by clear and convincing evidence" (*Shults v Geary*, 241 AD2d 850, 852 [1997] [citations omitted]). Here, plaintiffs must establish, in "no uncertain terms, not only that mistake or fraud exists, but exactly what was really agreed upon between the parties" (*George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219 [1978]; *see Chimart Assoc. v Paul*, 66 NY2d 570, 574 [1986]). A deed will not be reformed "unless the evidence implies a certainty of error involving both parties" (*Strong v Reeves*, 280 App Div 301, 305 [1952], *affd* 306 NY 666 [1953]; *see Ross v Food Specialties*, 6 NY2d 336, 341 [1959]).

The relevant facts are that in 1946, Harold V. Birch acquired a lot in the Town of Minerva, Essex County, on which he constructed a cabin. In 1949, he acquired a contiguous lot. The total size of both parcels was .70 acre and they were assessed as one parcel. In 1996, Birch went to attorney James Densmore, who prepared two documents—a deed to plaintiffs and a last will and testament for Birch. The deed only described the 1949 lot and reserved a life estate for Birch. The will devised the camp property to plaintiffs. Two months later, Birch executed a second will, prepared by a different attorney, which made no specific mention of the camp property. Defendants are the distributees of the residuary beneficiary named in the second will. When Birch died, plaintiffs occupied the cabin and both parcels. Upon discovering that the 1946 parcel was not contained in plaintiffs' deed, defendants put plaintiffs out of possession and this reformation action resulted.

As proponents of the summary judgment motion, plaintiffs were required to produce sufficient admissible evidence to demonstrate that they were entitled to judgment as a matter of law (*see* CPLR 3212 [b]; *Ware v Baxter Health Care Corp.*, 25 AD3d 863, 864 [2006]). To meet this burden, they rely on the affidavit and deposition of Densmore. He states that not only was he unaware that Birch had acquired the property by two separate conveyances, but Birch had told him that he wished to convey his cabin property to plaintiffs, reserving a life interest therein. To confirm this, Densmore and plaintiffs point to the equalization statement and gains tax affidavit, both signed by Birch at the closing, and both indicate that the property conveyed is improved, not vacant, contains .70 of an acre, has a single tax map number and has been taxed as a single property for approximately 50 years. We concur with Supreme Court that this evidence was sufficient to shift the burden of proof to defendants to raise any triable issues of fact sufficient to defeat the motion (*see Antokol & Coffin v Myers*, 30 AD3d 843, 845 [2006]).

Lacking any evidence relevant and material to the issue of the intent of Birch and plaintiffs at the time that the conveyance was made, defendants first point to the single inconsistency between the deed and the tax forms. Obviously, since the deed only contained the description of one of the parcels, the tax form describing it as conveying .70 acre is inconsistent. This inconsistency, however, is explained by Birch having told Densmore that the 1949 deed described his entire property and proves only that a mistake was made, not that any inconsistency affecting the intent of the parties has been demonstrated. Defendants next argue that devising the cabin property to plaintiffs was unnecessary if Birch intended to convey the property to them. Densmore explains this inconsistency by stating that the will was only intended as "insurance" that plaintiffs would receive the property, as Birch wished to assure not only that plaintiffs would own the cabin, but that it would be removed from the reach of the Department of Social Services were he to need nursing home care.

Next, defendants attack Densmore's credibility, asserting first that his affidavit is inconsistent with his deposition. We are unpersuaded that Densmore's deposition testimony that Birch intended plaintiffs to have the property upon his death is inconsistent with a deed conveying the property subject to a reservation of a life use for Birch. Moreover, while we agree with defendants that Densmore's recollection was vague at times, we do not attribute it to any lack of credibility, but rather to the passage of 10 years. We thus conclude that although there is a presumption that an executed deed represents a true intention of the parties (*see George Backer Mgt. Corp. v Acme Quilting Co., supra* at 219), Supreme Court properly held that plaintiffs offered sufficient evidence to establish that the deed failed to embody the true intentions of these parties (*see Leavitt-Berner Tanning Corp. v American Home Assur. Co.*, 129 AD2d 199, 202 [1987], *lv denied* 70 NY2d 609 [1987]).

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.