■ RICHARD E. POSSON, Doing Business as POSSON REALTY, Appellant, v GEORGE HAYES et al., Respondents. [829 NYS2d 286]—

Cardona, P.J. Appeal from an order of the Supreme Court (O'Brien, III, J.), entered December 1, 2005 in Chenango County, which, inter alia, granted defendant George Hayes' motion to dismiss the complaint.

Defendants jointly owned a dairy farm in the Town of LeFargeville, Jefferson County. On December 16, 2003, plaintiff, a licensed real estate broker, entered into an exclusive listing agreement with only defendant George Hayes providing for the listing of the dairy farm at an asking price of $200,000. Pursuant to the listing agreement, plaintiff would receive a commission of 10% of the selling price upon "procur[ing] a purchaser ready, willing and able to buy [the] property at the listed price and terms, or at a price and terms acceptable to" Hayes.

Plaintiff thereafter procured two offers to purchase the property. The first was presented on April 13, 2004 for $200,000 and was subject to the buyers obtaining financing within 45 days. Defendants signed the offer adding an addendum requiring the buyers to additionally compensate defendants for crops and feed. For reasons that are unclear from this record, the addendum was never signed by the prospective purchasers. Meanwhile, a second offer to purchase dated May 1, 2004 was presented to defendants at the full asking price, which also was subject to the purchasers obtaining financing within 45 days. Defendants did not sign the second purchase offer. Neither purchase offer was consummated.

In October 2004, plaintiff commenced this action against defendants seeking to recover a real estate commission of $20,000. Hayes answered and moved to dismiss the complaint for failure to state a cause of action. Plaintiff opposed the motion and cross-moved for summary judgment. After oral argument, Supreme Court dismissed the complaint against defendant Judith Lavack, finding that she was not a proper defendant inasmuch as she was not a party to the exclusive listing agreement. The court further granted Hayes' motion to dismiss the complaint finding that, among other things, plaintiff did not procure ready, willing and able buyers and, therefore, no commission was owing. Plaintiff appeals and we affirm.

It is well settled that "a real estate broker is entitled to a commission upon procuring a buyer who is ready, willing and able to accept the terms set by the seller" (*Pacifico v Plate*, 183 AD2d 986, 987 [1992]; *see Gabrielli v Fabian*, 167 AD2d 684, 685 [1990]). Plaintiff contends that the very presentation of the executed offers to purchase by ready, willing and able buyers entitles him to the commission under the listing agreement. However, the offers to purchase were contingent on the prospective buyers obtaining financing within 45 days of the contract. Here, plaintiff failed to sufficiently establish that either prospective buyer was financially ready or able to purchase the property (*see Brodsky v Gazzola*, 183 AD2d 1051, 1052 [1992], *lv denied* 80 NY2d 758 [1992]; *Bigman Assoc. v Fox*, 133 AD2d 93 [1987]; *Blackmore v Wigne Land Corp.*, 97 AD2d 889 [1983]).

Moreover, it is incumbent upon the broker to bring the parties in agreement not only with respect to the price but "to all terms customarily encountered in such a transaction" before the commission is earned (*Kaelin v Warner*, 27 NY2d 352, 355 [1971]; *see Gabrielli v Fabian, supra* at 685; *House v Hornburg*, 267 App Div 557, 560 [1944], *affd* 294 NY 750 [1945]). Here, the listing agreement, while providing the price and description

of the property to be sold, clearly does not fix all terms necessary for the sale (*see Arnold v Schmeidler*, 144 App Div 420, 427 [1911]; *see also Strout Farm Agency, Inc. v DeForest*, 192 App Div 790, 791-792 [1920]). Although plaintiff procured potential buyers at the asking price, there is no evidence that there was ever "a meeting of the minds on the essential terms of the transaction" that would trigger plaintiff's entitlement to a commission (*Realty Invs. of USA v Bhaidaswala*, 254 AD2d 603, 604 [1998]; *see Sibbald v Bethlehem Iron Co.*, 83 NY 378, 381 [1881]; *Haase v Schneider*, 112 App Div 336, 338 [1906]).

Inasmuch as the foregoing establishes that plaintiff was not entitled to a commission, we need not address plaintiff's remaining contention that Supreme Court improperly dismissed the action against defendant Judith Lavack.

Peters, Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.