LEE PRINCE, Appellant, v 209 SAND & GRAVEL, LLC, et al., Respondents. [830 NYS2d 821]—

Rose, J. Appeals (1) from an order of the Supreme Court (Lalor, J.), entered December 30, 2005 in Greene County, which partially granted defendants' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered April 20, 2006, which denied plaintiff's motion for reconsideration.

Alleging that defendant Gregory Leib breached a written agreement governing the ownership of defendant 209 Sand & Gravel, LLC (hereinafter S & G), plaintiff commenced this action seeking to compel specific performance and obtain part ownership of S & G. In response, defendants moved for dismissal pursuant to both CPLR 3211 and 3212, asserting that Leib never executed the agreement upon which plaintiff relies. Supreme Court partially granted defendants' motion for sum-

mary judgment by dismissing the first four causes of action, preserving only plaintiff's fifth claim for quantum meruit. Plaintiff then moved for reargument and renewal. In doing so, he submitted an affidavit of Howard Brown, a former manager of S & G, who attested to the existence of a copy of the subject agreement signed by Leib. Supreme Court rejected this affidavit and denied plaintiff's motion. Plaintiff appeals both orders.

Because plaintiff could not produce a signed agreement and failed to present any direct evidence of Leib's intent to be bound by its terms, Supreme Court did not err in initially finding that there was no enforceable agreement which could support his first three causes of action (*cf. Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 369 [2005]; *Robison v Sweeney*, 301 AD2d 815, 817 [2003]). In support of his motion for renewal, however, plaintiff presented new evidence in the form of the Brown affidavit. In addition to attesting to having seen Leib's signature on a copy of the agreement kept in his former office, Brown's affidavit showed that this new evidence had not been available to plaintiff previously due to Brown's recalcitrance. Although the affidavit was rejected by Supreme Court because Brown was a convicted felon who had stolen from S & G, it is neither inadmissible nor incredible as a matter of law (*see e.g. People v Young [Hoe] [Naheem]*, 296 AD2d 588, 592 [2002], *lvs denied* 99 NY2d 536, 538, 541 [2002]; *Conners Car Co., Inc. v Manufacturers & Traders Natl. Bank*, 124 Misc 584, 587 [1925], *affd* 214 App Div 811 [1925]). Thus, it is some evidence that Leib signed the written agreement and it is sufficient to raise a question of fact (*see e.g. Conolly v Thuillez*, 26 AD3d 720, 722 [2006]; *Robison v Sweeney, supra* at 817-818). Accordingly, it supports plaintiff's motion for renewal, the motion should have been granted and Supreme Court should not have dismissed his first three causes of action.

With respect to the fourth cause of action alleging that Leib fraudulently induced plaintiff to participate in S & G by promising him an ownership interest, we agree with Supreme Court that plaintiff failed to sufficiently allege damages (*see e.g. Kaddo v King Serv.*, 250 AD2d 948, 949 [1998]). Moreover, his complaint and affidavits allege no conduct by Leib that would support a fraud claim (*see Van Kleeck v Hammond*, 25 AD3d 941, 943 [2006]; *Mora v RGB, Inc.*, 17 AD3d 849, 852 [2005]).

Finally, contrary to plaintiff's argument on appeal that there was an earlier, separate agreement to engage in a joint venture that reflects a meeting of the minds that would be enforceable even if Leib did not sign the written agreement, the complaint makes no mention of a discrete agreement to enter a joint busi-

ness venture and plaintiff's affidavits allege only that the parties discussed going into business together. Thus, at most, plaintiff now alleges an agreement to agree which made no provision as to the parties' ownership interests and cannot be specifically enforced (*see e.g. F & K Supply v Willowbrook Dev. Co.*, 288 AD2d 713, 714 [2001]). Also, contrary to plaintiff's current contention, the complaint does not allege an oral agreement to the terms of the unsigned writing which would avoid the statute of frauds (*see* General Obligations Law § 5-701 [a] [1]). In any event, plaintiff failed to preserve this argument as well as his claim of equitable estoppel by not raising them before Supreme Court (*see Mohassel v Fenwick*, 5 NY3d 44, 53 [2005]).

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the order entered December 30, 2005 is affirmed, without costs. Ordered that the order entered April 20, 2006 is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion for renewal; motion granted and, upon renewal, defendants' motion dismissing the first three causes of action denied; and, as so modified, affirmed.