■ DEVINE REAL ESTATE, INC., Appellant, v RICHARD BRENNAN et al., Respondents. [839 NYS2d 581]—

Peters, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered April 13, 2006 in Warren County, which granted defendants' motion for summary judgment dismissing the complaint.

Defendants owned a recreational vehicle park in Oswego County. In 2003, the Department of Environmental Conservation (hereinafter DEC) found several deficiencies in the park which needed to be rectified. In lieu of remedying these deficiencies, defendants approached Complex Brokers to find a buyer for the property. Complex Brokers introduced defendants to Robert Morgan, who made an initial offer of $7.5 million, and a later offer of $8 million. Still unsatisfied with Morgan's offers, defendants contacted plaintiff, a real estate brokerage firm, and told plaintiff about Morgan's offer and their desire to sell the property for $9 million. Later that day, plaintiff produced a proposed contract, signed by Barry Haase, for $9 million. At that point, defendants claim, and plaintiff does not dispute, they told plaintiff that the land must be offered "as is" because of the issues with the DEC. Notably, the Haase contract seeks representations from defendants which reveal a lack of knowledge about the DEC issues.

Defendants did not accept the Haase offer. Defendants and plaintiff did, however, enter into a nonexclusive brokerage agreement during which defendants claimed that they informed plaintiff that Morgan must be given an opportunity to match all offers. Thereafter, Morgan matched the Haase offer and a bidding war ensued. Although Haase made a final offer of $10,050,000, the proposed contract still reflected a failure to acknowledge the DEC deficiencies. Accordingly, defendants rejected the Haase offer and later sold the property, "as is," to Morgan for a final price of $8 million.

Plaintiff commenced this action alleging causes of action in breach of contract, unjust enrichment and breach of implied covenant of good faith and fair dealing. Defendants' successful motion for summary judgment dismissing the complaint prompted this appeal.

Generally, a broker will have earned its commission when it produces a buyer who is ready, willing and able to enter into a contract on the seller's terms (*see Feinberg Bros. Agency v Berted Realty Co.*, 70 NY2d 828, 830 [1987]; *Posson v Hayes*, 37 AD3d 936, 937 [2007]). To earn a commission under these circumstances, there must be "a meeting of the minds on the essential terms of the transaction" (*Realty Invs. of USA v Bhaidaswala*, 254 AD2d 603, 604 [1998]; *see Posson v Hayes, supra* at 938, *Robison v Sweeney*, 301 AD2d 815, 818-819 [2003]). However, a brokerage agreement can explicitly provide for a different triggering event so long as "the failure of the condition is not due to the fault of [the] defendant" (*Donald E. Welch Real Estate v Heritage Broadcasting Co. of N.Y.*, 192 AD2d 891, 893 [1993], *lv denied* 82 NY2d 656 [1993]; *see Graff v Billet*, 64 NY2d 899, 901 [1985]; *compare Coldwell Banker Vil. Green Realty v Pillsworth*, 32 AD3d 568, 569 [2006]).

Here, although Haase made an offer to purchase the property at defendants' selling price, there was no meeting of the minds on the material terms of the sale since the proposed contracts never acknowledged the DEC issues. Having sustained their initial burden of showing an entitlement to judgment as a matter of law (*see* CPLR 3212 [b]; *Carpenter v Morrette*, 36 AD3d 1115, 1116 [2007]), the burden shifted to plaintiff to raise a triable issue of fact. Although plaintiff contends that defendants failed to properly negotiate with Haase, defendants were under no obligation to do so (*see French v Ahlstrom*, 204 AD2d 861, 863 [1994]). Moreover, the brokerage agreement made plaintiff's commission contingent on either the close of escrow or defendants' default in closing the transaction. With no record evidence of either a fully executed sales contract requiring defendants to sell the property to Haase or an exclusive brokerage contract requiring defendants to sell the property to one of plaintiff's clients, there was no default by defendants in refusing to accept any offer presented by plaintiff. Therefore, the conditions under which a commission would have been payable were not met (*see Pearce, Urstadt, Mayer & Greer Realty Corp. v Atrium Dev. Assoc.*, 77 NY2d 490, 495 [1991]; *Graff v Billet, supra* at 902).

Similarly without merit is the claim that defendants breached an implied covenant of good faith and fair dealing (*see generally*

*Horn v New York Times*, 100 NY2d 85, 92 [2003]). Recognizing that a brokerage contract does not create an exclusive right to sell unless it is clearly and expressly stated (*see CV Holdings, LLC v Artisan Advisors, LLC*, 9 AD3d 654, 656 [2004]), the absence of such a provision in this contract is determinative.*

Cardona, P.J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

* Although plaintiff has appealed from each and every part of Supreme Court's order, its failure to raise any issue regarding the dismissal of the cause of action alleging unjust enrichment will be deemed an abandonment of that claim (*see Peak v Northway Travel Trailers, Inc.*, 27 AD3d 927, 928 [2006]).