■ DALE GRANGER et al., Appellants, v HANS SCHACHENMAYR et al., Respondents. [857 NYS2d 238]—

Mercure, J.P.

In October 2003, defendants entered into a brokerage agreement with plaintiff Levack Real Estate relating to the sale of an inn owned by defendants in the Village of Lake Placid, Essex County. The nonexclusive agreement provided, among other things, that a four percent commission would be paid to Levack, as the real estate broker, in the event that "a transfer, sale or exchange of [the] property is made or effected, or agreed upon" with a purchaser procured by Levack. Plaintiff Dale Granger, a real estate agent associated with Levack, subsequently procured potential buyers, Thomas Terry and James Terry. In July 2005, defendants and Granger executed an extension of the original brokerage agreement providing that Granger was the agent of record for the sale to the Terrys and that "[t]he agreed [upon] commission of three and one half (3½) percent will be payable at closing." Although defendants and the Terrys thereafter engaged in negotiations regarding the sale and the Terrys placed a $50,000 deposit in escrow, defendants ultimately informed the Terrys that they had decided to convey the property to a nephew rather than sell it.

Thereafter, plaintiffs commenced this action alleging that inasmuch as they produced a ready, willing and able buyer, they were entitled to a commission of $169,610 on the Terrys' proposed purchase price of $4,846,000. Following joinder of issue, defendants moved for summary judgment dismissing the complaint. Supreme Court ultimately granted defendants' motion and dismissed the complaint. Plaintiffs appeal and we now affirm.

As plaintiffs assert, "in the absence of an agreement to the contrary, a real estate broker will be deemed to have earned his [or her] commission when he [or she] produces a buyer who is ready, willing and able to purchase at the terms set by the seller" (*Lane—Real Estate Dept. Store v Lawlet Corp.*, 28 NY2d 36, 42 [1971]; *see Posson v Hayes*, 37 AD3d 936, 937 [2007]; *Realty Invs. of USA v Bhaidaswala*, 254 AD2d 603, 604 [1998]). Never-

theless, it is well settled that " 'mere agreement as to price on a proposed sale of real property does not constitute a meeting of the minds of vendor and vendee so as to entitle the real estate broker to commissions. The parties must be brought to agreement with respect to all terms customarily encountered in such a transaction' " (*Kaelin v Warner*, 27 NY2d 352, 355 [1971] [citation omitted]; *see Posson v Hayes*, 37 AD3d at 937-938; *Robison v Sweeney*, 301 AD2d 815, 817-818 [2003]).

Here, the "non-binding letter of intent" signed by the parties to the proposed sale stated that its "sole purpose" was "to express [the Terrys'] interest in discussing the terms and conditions of the sale of those assets" constituting defendants' inn. The letter further provided that it was "not intended to form a binding contract or agreement in any respect," and set forth various terms on which the parties had not yet agreed, including "closing date; . . . representations and warranties; . . . conduct of business pending closing; . . . conditions precedent to closing" and the Terrys' option to purchase adjacent property owned by defendants. Although plaintiffs rely upon an e-mail from Thomas Terry expressing frustration at defendants' decision not to sell the property as evidence that the parties had reached a prior oral agreement on the sale, the e-mail acknowledged that no binding agreement had been reached. Moreover, Terry submitted an affidavit averring that the parties "never reached an agreement . . . on the actual terms for the purchase and sale of the . . . property," including the option to purchase the adjacent property, which was an important part of the transaction. Inasmuch as the foregoing established that there was no " 'meeting of the minds on the essential terms of the transaction' that would trigger . . . entitlement to a commission" and plaintiffs raised no triable issues of fact in response, Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint (*Posson v Hayes*, 37 AD3d at 938 [citation omitted]; *see Devine Real Estate, Inc. v Brennan*, 42 AD3d 646, 647 [2007]; *cf. Robison v Sweeney*, 301 AD2d at 818-819).

Finally, given the nonbinding nature of the letter of intent, the provision that the brokerage agreement was nonexclusive and the lack of any evidence in the record that defendants sold the property to a third party, plaintiffs' claim that defendants breached an implied covenant of good faith and fair dealing is unavailing (*see Devine Real Estate, Inc. v Brennan*, 42 AD3d at 647-648).

Spain, Carpinello, Rose and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.