■ THOMAS B. FRELING, Doing Business As FRELING REAL ESTATE, Respondent, v JOSEPH C. RESTIVO, Appellant.—Order unanimously reversed, with costs, and motion denied. Memorandum: Defendant appeals from Chautauqua County Court's affirmance of an order of the Dunkirk City Court which granted plaintiff summary judgment in this action brought to recover real estate broker's commissions. On February 14, 1976 defendant signed a listing agreement employing plaintiff on an exclusive basis to procure a purchaser ready, willing and able to buy farm property owned by defendant and his wife. The agreement evidences a purchase price of

$17,000—$3,500 as a down payment and the balance to be paid in 10 years at 8.5% interest. It also specifies that gas and mineral rights were reserved by the owner. Plaintiff obtained the signatures of Linda Finger and Brian Woods on a form purchase contract for the property on the above price and terms, except oil and mineral rights were not reserved. Further, the contract was contingent upon a finding by certain designated authorities that the water on the premises was fit for human consumption. Defendant's attorney returned the unsigned contract to plaintiff advising him that defendant would not accept a purchase-money mortgage and demanded an all cash transaction. In moving for summary judgment plaintiff relies largely on the listing agreement and purchase contract. Defendant opposes the motion alleging that the listing agreement does not accurately recite the conditions of sale, that the property is jointly owned by him and his wife, and that the potential buyers are "extremely poor credit risk(s)". There are two major discrepancies between the listing agreement and the purchase contract: (1) the purchase contract reserves no gas and mineral rights for the owner, and (2) the listing agreement contains no warranty respecting the fitness of the water for human consumption. Where the full terms upon which an owner is willing to sell have been supplied to the broker, a broker's commission is earned only when he produces a customer ready, willing and able to comply with all the terms fixed by the owner. We have held that a "broker [must] bring the parties together, not only on the price but also as to all essential terms of a closing contract, before his commissions are earned" (*House v Hornburg,* 267 App Div 557, 560, affd 294 NY 750). "On a motion for summary judgment, the moving party has the burden to set forth evidentiary facts to establish his cause sufficiently to entitle him to judgment as a matter of law; anything less requires a denial of the motion, even where the opposing papers are insufficient" (*Greenberg v Manlon Realty,* 43 AD2d 968, 969; see, also, *Monroe Abstract & Tit. Corp. v Giallombardo,* 54 AD2d 1084, 1085). In light of these principles, it is clear that summary judgment was improperly granted to plaintiff in this case. Moreover, even assuming that the listing agreement evidenced defendant's commitment to accept a $3,500 down payment with the balance of the purchase price to be financed by a purchase-money mortgage, a factual issue exists as to the prospective buyers' financial ability to meet the terms of the purchase-money mortgage. Plaintiff failed to sustain his burden of proof by not showing that Finger and Woods were financially able to meet these terms (*Globerman v Lederer,* 281 App Div 39, 41-43; cf. *Matter of Grant Realty v Cuomo,* 58 AD2d 251, 255-256). For this reason, also, summary judgment was improperly granted. (Appeal from order of Chautauqua County Court—summary judgment.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.