◼ WILLIAM H. BLACKMORE, Doing Business as KING GEORGE REALTY, Appellant, v WIGNE LAND CORPORATION, Respondent. — Appeal (1) from an order of the Supreme Court in favor of defendant, entered February 17, 1983 in Warren County, upon a dismissal of the complaint by the court at Trial Term (Dier, J.), at the close of plaintiff's case, and (2) from the judgment entered thereon. Plaintiff, a real estate agency, entered into a listing agreement with defendant, owner of a parcel of real estate located on the north shore of Lake George. Plaintiff's agents procured a prospective purchaser who, after negotiations, was apparently willing to purchase the property at defendant's terms. The property was not sold to the prospective vendee procured by plaintiff's agents, but was eventually conveyed to another purchaser. Plaintiff commenced this action to recover its commission. The matter went to trial and, after plaintiff rested, Trial Term granted defendant's motion to dismiss on the ground that plaintiff had failed to present a prima facie case. This appeal by plaintiff ensued. In the absence of an agreement to the contrary, a real estate broker will be deemed to have earned his commission when he produces a buyer who is ready, willing and able to purchase at the terms set by the seller (*Lane — Real Estate Dept. Store v Lawlet Corp.*, 28 NY2d 36, 42). In order to set forth a prima facie case, the broker must introduce evidence to show that the buyer procured was financially able to complete the transaction (*Freling v Restivo*, 69 AD2d 978; *Globerman v Lederer*, 281 App Div 39). Here, the prospective purchaser was not personally able to purchase the property, but would have been relying on the financial assistance of certain third parties. Plaintiff offered no evidence of any commitment or obligation on behalf of the third parties other than the testimony of the prospective purchaser that he had an oral agreement with them. This evidence is clearly insufficient to establish the financial ability of the prospective purchaser (see *Siegel v Liese*, 23 AD2d 425, affd 18 NY2d 930; *Globerman v Lederer, supra*). Having failed to offer sufficient evidence of the financial ability of the prospective purchaser, plaintiff did not establish a prima facie case and the complaint was properly dismissed prior to submission to the jury. Plaintiff also alleges as error the refusal by the trial court to allow plaintiff's and defendant's attorneys to testify regarding discussions had during negotiations for sale of the property. Since we conclude that plaintiff failed to demonstrate a prima facie case with respect to one of the elements of its cause of action, and since it does not appear that the attorneys' testimony could have cured this defect, this issue is academic. Order and judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Weiss, JJ., concur.