■ TRENGA REALTY, Appellant, v WEDGEWOOD HOMES, INC., et al., Respondents.—Mahoney, P. J. Appeal from an order and judgment of the Supreme Court (Hughes, J.), entered March 11, 1987 in Schoharie County, upon a decision of the court, without a jury, in favor of defendants.

In July 1979, Alex Tiseo, president of defendant Wedgewood Homes, Inc. and defendant Tudor Pines, Inc., both closely held corporations, sought to sell three properties located in the Town of Schoharie, Schoharie County. The properties were a restaurant, a mobile home park and Tiseo's residence. The restaurant and mobile home park were owned by Wedgewood Homes, and the residence was owned by Tudor Pines, though it was eventually transferred to Wedgewood Homes. Plaintiff, a real estate broker, and Tiseo orally agreed to a real estate brokerage contract, though the parties now dispute whether the amount of the commission was agreed upon. Eventually, plaintiff found two people, August and Cecelia Blondina, who were willing to purchase the property at terms acceptable to Tiseo. Though the deal eventually reached closing, the parties never completed the transaction. Plaintiff commenced this action seeking to recover the commission allegedly due him. After a nonjury trial, Supreme Court dismissed the complaint, finding that the Blondinas were not financially able to purchase the property. Plaintiff appeals.

The Court of Appeals has held that "[u]nless the parties have agreed otherwise, a real estate broker will be deemed to have earned his commission when he produces a purchaser

who is not only ready and willing to purchase at the terms set by the seller, but able to do so as well" *(Rusciano Realty Servs. v Griffler,* 62 NY2d 696, 697). A purchaser is not considered able to perform unless he is financially able to complete the transaction *(Blackmore v Wigne Land Corp.,* 97 AD2d 889; *see, Freling v Restivo,* 69 AD2d 978, 979). However, assuming the purchaser is financially able to complete the transaction at the time the contract is entered into, a subsequent default by the purchaser will not deprive the broker of his commissions *(Agency, Broad & Cornelia St. v Lavigne,* 97 AD2d 934, *lv dismissed* 61 NY2d 605; *Willard v Mercer,* 83 AD2d 656, 657, *affd* 58 NY2d 840).

In the instant case, the Blondinas executed offers to purchase the restaurant, mobile home park and residence for $135,000, $60,000 and $40,000, respectively. The residence purchase offer was contingent on the Blondinas obtaining a $25,000 mortgage. Also, $75,000 or $85,000 was to be paid at closing. The Blondinas' failure to secure sufficient funds delayed the closing. In fact, two of their checks for the down payment were dishonored for insufficient funds. After further negotiation, Tiseo agreed to receive $30,000 from the parties who were contemporaneously purchasing the Blondinas' residence in New Jersey. Tiseo agreed to finance the remainder of the Blondinas' debt. It was eventually agreed that $30,000 would be paid at closing and that shares of Wedgewood Homes and Tudor Pines, rather than the actual properties, would be held in escrow pending full payment by the Blondinas. The closing was rescheduled for a date in August 1981. At that time, the Blondinas did not have the full $30,000 and Tiseo did not transfer any corporate shares to them. However, he did sign the closing papers. The Blondinas never fully paid Tiseo, nor did they make any payment on the mortgages. The premises were eventually foreclosed upon.

It is apparent from the record that the Blondinas were never financially able to purchase the property. This is not a situation where the purchaser was able to purchase the property but later defaulted. The Blondinas and Tiseo were eager to complete the transaction, and several times Tiseo agreed to changes in the financial structure which were more favorable to the Blondinas. However, even after these concessions were made, the Blondinas were not in a financial position to go through with the contract. The fact that Tiseo agreed to modifications to financial aspects of the contract did not mean that he accepted the Blondinas or was satisfied with their financial ability to perform.

We concur with Supreme Court's finding that plaintiff did not procure a buyer financially able to purchase the property and, accordingly, affirm the dismissal of the complaint.

Order and judgment affirmed, with costs. Mahoney, P. J., Kane, Weiss, Levine and Mercure, JJ., concur.