■ O'CONNOR REALTY SERVICES, INC., Respondent, v PATRICK HIGGINS et al., Appellants.—In an action to recover a real estate brokerage commission, the defendants appeal from a judgment of the Supreme Court, Putnam County (Dickinson, J.), dated March 22, 1988, which, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $9,250.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

It is well settled that "in the absence of an agreement to the contrary, a real estate broker will be deemed to have earned his commission when he produces a buyer who is ready, willing and able to purchase at the terms set by the seller" *(Lane—Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36, 42). However, a purchaser is not considered able to perform unless he is financially able to complete the transaction *(see, Trenga Realty v Wedgwood Homes,* 138 AD2d 875; *Blackmore v Wigne Land Corp.,* 97 AD2d 889). The burden lies with the broker to establish that its prospective purchaser was financially able to meet the purchase price *(see, Rusciano Realty Servs. v Griffler,* 62 NY2d 696; *Concordant Assocs. v Slutsky,* 104 AD2d 920).

In this case, the plaintiff failed at trial to offer any evidence

of the prospective purchaser's financial ability to complete the transaction. The binder and good-faith deposit cannot be considered evidence of the prospective purchaser's financial ability. The binder contained no information concerning the prospective purchaser's financial status. Moreover, the good-faith deposit, in the form of a nonnegotiated check, provides no evidence of the prospective purchaser's ability to complete the transaction. Since no other evidence of the prospective purchaser's financial ability was adduced at trial we conclude that the plaintiff did not meet its burden of proving that the purchaser was able to purchase the property *(see, Rusciano Realty Servs. v Griffler, supra; Concordant Assocs. v Slutsky, supra).*

In light of our determination, we do not address the defendant's remaining contention. Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.