■ DONALD J. DuBOIS, Doing Business as DuBOIS REALTY, Appellant, v JOHN McDADE et al., Respondents.—Yesawich, Jr., J. Appeals (1) from an order of the Supreme Court (Harlem, J.), entered May 2, 1990 in Otsego County, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

A prospective buyer contacted an agent of plaintiff, a real estate broker, and offered to purchase the double storefront buildings defendants had listed with plaintiff for $100,000, even though the prospective purchaser apparently had never been inside either building. When the realty agent explained that a 10% down payment would be expected, the purchaser inquired whether, instead, she could make a 5% down payment consisting of a $500 deposit when the offer was signed and $4,500 approximately two weeks later. The realty agent notified defendants of this proposal and the latter agreed. Plaintiff prepared a purchase offer reflecting the $100,000 purchase price and split deposit arrangement. The purchaser paid the initial $500, albeit after the offer was signed, but never paid the additional $4,500 nor closed on the property.

In this action to recover an $8,000 commission, plaintiff maintains that defendants' acceptance of the purchase offer obligated them to pay. After discovery, both parties moved for summary judgment. Supreme Court granted defendants' motion and dismissed the complaint.

While plaintiff has demonstrated that he produced a buyer, there is considerable doubt as to whether the buyer was ready, willing and able to purchase the subject property in accordance with the terms set by defendants *(see, Blackman DeStefano Real Estate v Smith,* 157 AD2d 932, 934). Unless the parties have agreed otherwise, a broker must establish that the prospective buyer has the financial capability to purchase the property before he will be deemed to have earned his commission *(Rusciano Realty Servs. v Griffler,* 62 NY2d 696, 697-698; *Trenga Realty v Wedgewood Homes,* 138 AD2d 875, 876; *Blackmore v Wigne Land Corp.,* 97 AD2d 889).

The record discloses that the purchaser's financial ability to pay the purchase price was questionable from the very outset, a circumstance apparently never communicated to defendants. Excerpts from the deposition of plaintiff's agent reveal that

the purchaser indicated in the initial contact she had with the agent that she would have difficulty meeting the usual 10% down payment requirement. For this reason, the realty agent undertook to secure defendants' permission not only to halve the customary down payment, but also to have the reduced amount paid in two installments, the first of which, a $500 payment, was due when the purchase offer was signed. Not only was this payment made late, but it is not clear whether plaintiff ever informed defendants to that effect. And despite giving repeated but vague assurances to plaintiff's agent that the second installment would be forthcoming shortly, the buyer never forwarded the $4,500. Whether this buyer was in fact ready and financially able to purchase defendants' property presents a triable question of fact precluding summary judgment *(cf., Blackmore v Wigne Land Corp., supra; compare, Agency, Broad & Cornelia St. v Lavigne,* 97 AD2d 934, 934-935, *lv dismissed* 61 NY2d 605, 904).

In passing, we note that the terms of the purchase offer are not ambiguous and, further, contrary to defendants' view, that there is no suggestion in the purchase offer that the buyer's obligation to pay the entire 5% down payment was a condition precedent which, because it went unfulfilled, voided the contract *(see,* 22 NY Jur 2d, Contracts, § 234, at 82).

Order and judgment modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing the complaint; said motion denied; and, as so modified, affirmed. Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.

Casey, J. P., dissents in a memorandum. Casey, J. P. (dissenting). "[A] licensed real estate broker is a fiduciary for his client, and must exercise the utmost good faith and loyalty in his performance" *(Weissman v Mertz,* 128 AD2d 609, 610, *appeal dismissed* 69 NY2d 1036, *lv denied* 70 NY2d 608; *see, Matter of Grant Realty v Cuomo,* 58 AD2d 251, 255). The record establishes as a matter of law that, in procuring the prospective purchaser herein, plaintiff failed to exercise the utmost good faith and loyalty to defendants, and as a result defendants contracted with a prospective purchaser who was either unwilling or unable to perform. Plaintiff, therefore, is not entitled to a commission, and Supreme Court's order granting summary judgment to defendants should be affirmed.

According to the deposition of the selling agent, the prospective purchaser telephoned to inquire about defendants' property and made an oral offer of $100,000 without ever having seen the interior of the premises. The agent informed defen-

dants of the proposed purchase price, which they said would be acceptable. The agent then contacted the prospective purchaser and explained that a downpayment of 10% upon signing the contract was normal. The prospective purchaser told the agent "that she had the money but to get it would be very difficult at this time". The prospective purchaser offered to make an initial downpayment of ½% ($500) and pay an additional $4,500 "at the end of the month". Although the conduct of the proposed purchaser would prompt a reasonably prudent broker to investigate the buyer's financial ability to produce $100,000 at closing, plaintiff merely informed defendants of the offer and drew up a contract of sale by using a standard form and inserting the terms offered by the prospective purchaser. The prospective purchaser signed the contract, but apparently was unable to pay the $500 downpayment until some later time.

In these circumstances, defendants, who neither negotiated directly with the prospective purchaser nor had any knowledge of her financial ability, cannot be deemed to have "accepted" the buyer so that the broker is relieved of the necessity of showing that the purchaser was ready, willing and able to perform (cf., Agency, Broad & Cornelia St. v Lavigne, 97 AD2d 934, lv dismissed 61 NY2d 605, 904). It is also clear that plaintiff departed from his role as defendants' agent and acted, at least in part, for the benefit of the prospective purchaser. As a result, plaintiff produced an offer upon terms set by the prospective purchaser, instead of producing a buyer who was ready, willing and able to purchase upon terms set by defendants. Because plaintiff produced such an offer without making any inquiry into the financial ability of the prospective purchaser, which clearly would have been prudent in the circumstances, plaintiff failed to fulfill his duty to defendants to exercise the utmost good faith and loyalty in his performance. Consequently, defendants entered into a contract of sale with a prospective purchaser who was either unable or unwilling to perform, as is plainly established by the purchaser's unexplained failure to make any effort to pay the $4,500 additional downpayment called for by the contract. Having failed to exercise the utmost good faith and loyalty to defendants, and having produced a prospective purchaser who was unable or unwilling to perform, plaintiff is not entitled to a commission merely because a contract of sale was signed by defendants.