■ CONTINENTAL MANOR II CONDOMINIUM HOMEOWNERS ASSOCIATION, Respondent, v DAVID DEPEW, Doing Business as DEPEW BROTHERS LANDSCAPERS, Appellant. [717 NYS2d 206] —In an action to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated January 18, 2000, which granted the plaintiff's motion for summary judgment and denied his cross motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered May 15, 2000, which is in favor of the plaintiff and against him in the principal sum of $4,298.31. The notice of appeal from the order dated January 18, 2000, is also deemed to be a notice of appeal from the judgment (see, CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The defendant failed to raise a triable issue of fact in opposition to the plaintiff's prima facie showing that it was entitled to judgment as a matter of law. The Supreme Court properly rejected the defendant's claim that he was not personally liable under the agreement he signed. The contract does not indicate that "DePew Brothers" is a corporation (see, New England Mar. Contrs. v Martin, 156 AD2d 804), and the testimony of the defendant at his examination before trial established that he did not disclose that he was acting as an agent for a corporate principal.

The defendant also failed to raise a triable issue of fact as to the duration of the agreement. The contract expressly provided that "the term of this agreement shall be one year beginning December 1, 1996." Extrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is clear and unambiguous on its face (see, W.W.W. Assocs. v Giancontieri, 77 NY2d 157, 163; Goodstein Props. v Rego, 266 AD2d 506). Accordingly, the plaintiff was entitled to summary judgment. O'Brien, J. P., Thompson, H. Miller and Schmidt, JJ., concur.