■ KWANGJIN SONG et al., Appellants, v MGM DEVELOPMENT, LLC, et al., Respondents. [816 NYS2d 645]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered July 8, 2005 in a breach of contract action. The order, insofar as appealed from, denied plaintiffs' motion for summary judgment on the first and second causes of action and granted that part of defendants' cross motion for summary judgment dismissing the complaint against defendant Michael G. Millner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion in its entirety and reinstating the complaint against defendant Michael G. Millner and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages arising from defendants' allegedly defective construction of their home. Supreme Court properly denied plaintiffs' motion seeking summary judgment on the first cause of action, alleging breach of the limited warranty by defendants, and the second cause of action, alleging breach of the letter agreement by defendant Michael G. Millner. In support of their motion, plaintiffs submitted a conclusory affidavit of plaintiff Kwangjin Song (*see JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 385 [2005]) and the unsworn reports of various professionals who inspected their home (*see Washington v City of Yonkers*, 293 AD2d 741, 742 [2002]), and plaintiffs therefore failed to establish their entitlement to judgment as a matter of law with respect to the first and second causes of action (*see JMD Holding Corp.*, 4 NY3d at 384-385).

The court erred, however, in granting that part of defendants' cross motion seeking summary judgment dismissing the complaint against Millner. Defendants failed to meet their initial burden of establishing that Millner executed the limited warranty and letter agreement in his capacity as president of defendant MGM Development, LLC (MGM) (*cf. Weinreb v Stinchfield*, 19 AD3d 482, 483 [2005]; *John Holzer Assoc. v Orta*, 250 AD2d 737 [1998]). Neither document indicates that Millner was acting as an agent for MGM or, indeed, that MGM is a corporation (*see Continental Manor II Condominium Homeowners Assn. v Depew*, 277 AD2d 340 [2000]; *New England Mar. Contrs. v Martin*, 156 AD2d 804, 805 [1989]). We therefore modify the order ac-

cordingly. Present—Pigott, Jr., P.J., Kehoe, Gorski, Green and Pine, JJ.