■ CENTRAL CITY BROKERAGE CORP., Respondent-Appellant, v RALPH ELYACHAR et al., Defendants, and RURADAN CORPORATION et al., Appellants-Respondents. [837 NYS2d 30]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered June 22, 2005, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the first and fourth causes of action, and the balance of the complaint as against defendants Elyachar and Gerel Corporation, and denied their motion with respect to the second and third causes of action, unanimously modified, on the law, the second and third causes of action dismissed, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendants Ruradan Corporation and Timston Corporation dismissing the complaint as against them.

In the absence of an agreement to the contrary, a broker is deemed to have earned its commission when it produces a buyer who is ready, willing and financially able to purchase the property at the terms set by the seller (*see Rusciano Realty Servs. v Griffler*, 62 NY2d 696 [1984]; *Lane—Real Estate Dept. Store v Lawlet Corp.*, 28 NY2d 36, 42 [1971]). Plaintiff claims a brokerage commission in the amount of $3,249,000 in connection with the executed contracts to sell three of defendants' real estate properties located at 1100 Madison Avenue, 8 East 48th Street, and 713 Second Avenue in Manhattan, for a total purchase price of $154,000,000. The contracts required no money down, and full payment at closing. Plaintiff seeks this commission based

on an oral agreement with defendant Dan Elyachar, the contents of which are not only disputed, but, with respect to one of the properties, contradict a prior written brokerage agreement.

Regarding the Madison Avenue property, there is no dispute that defendant Gerel had a written brokerage agreement with another broker to market the property and that plaintiff was only a sub-subagent in connection with that agreement. The court properly held that plaintiff's actions with respect to that agreement constituted an impermissible effort to modify it orally (General Obligations Law § 5-1103), thus warranting dismissal of its claim to full brokerage commissions under the first cause of action.

Assuming arguendo, as plaintiff contends, that defendant Dan Elyachar orally agreed to pay plaintiff a $3,249,000 commission regardless of whether the real estate transactions closed, the second and third causes of action for commissions on the remaining two properties should have also been dismissed. Plaintiff maintains that all it need do to earn a commission is produce a purchaser who executes a contract of sale. According to plaintiff, once a purchaser executes the contract, he is deemed a ready, willing and able buyer. However, the law says otherwise and requires more.

In determining whether brokers will be deemed to have earned their commissions, "[t]he prospective buyer's financial ability is . . . an essential element, and one which plaintiff was required to establish in order to recover" (*Rusciano*, 62 NY2d at 697-698). Indeed, "[t]he burden lies with the broker to establish that its prospective purchaser was financially able to meet the purchase price" (*O'Connor Realty Servs. v Higgins*, 149 AD2d 492, 492 [1989]; *see also Trenga Realty v Wedgewood Homes*, 138 AD2d 875 [1988] [purchasers not in a financial position to go through with contract; therefore broker not entitled to commission]; *Globerman v Lederer*, 281 App Div 39 [1952] [not enough for purchaser to state he could have purchased the property; some details had to be shown from which a factfinder could infer that purchaser possessed financial ability]).

On their motion, defendants showed prima facie that plaintiff failed to procure a purchaser who was financially able to pay $154,000,000 at closing for the three Manhattan properties. In response, plaintiff has not even attempted to raise one issue of fact regarding its purchaser's financial ability to close. Since plaintiff failed to raise any triable issue of fact on this issue, the second and third causes of action should have been dismissed.

Plaintiff failed to allege how defendants were unjustly enriched, especially since the three deals never closed due to

plaintiff's buyer's default. Accordingly, the court properly dismissed the fourth cause of action (*see Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421 [1972]).

We need not reach the parties' remaining arguments in light of our determination. Concur—Andrias, J.P., Friedman, Marlow, Nardelli and Catterson, JJ.