◼ F. RICHARD WOLFF AND SON, INC., et al., Appellants, v ANTHONY TUTORA, Doing Business as CRYSTAL HOUSE MANOR, Respondent. [856 NYS2d 241]—

In an action to recover a real estate brokerage commission, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), dated July 10, 2007, which, upon a decision of the same court entered December 13, 2006, made after a nonjury trial on stipulated facts, and an order of the same court entered May 23, 2006, granting those branches of the defendant's motion which were for summary judgment dismissing the second and third causes of action, is in favor of the defendant and against them dismissing the complaint.

Ordered that the notice of appeal from the decision is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed, with costs.

The defendant owned an adult care resident facility and the improved real estate upon which it was situated. On or about June 9, 1999 the defendant entered into a brokerage agreement with the plaintiffs, giving them an exclusive right to sell, as a package, both the business and the real estate. By its terms, the agreement was to expire on October 31, 1999. The parties, however, agreed to renew the agreement through June 30, 2000, "under the same terms as in the original [a]greement." Those terms called for a commission of 6$^{1}/_{2}$% of the selling price, payable to the plaintiffs, and provided that the plaintiffs would be entitled to the commission even if the business and real estate were sold, transferred, or the subject of a contract of sale after the expiration of the agreement but within a so-called "tail period." Specifically, the agreement provided: "Owner(s) understands and agrees to pay the commission . . . if the property is sold or transferred or is the subject of a contract of sale within 3 months after the expiration date of this agreement."

In May 2000 the plaintiffs introduced James Rogers to the defendant as a prospective buyer of the business and real estate package. On September 1, 2000 still within the "tail period," the defendant and Rogers entered into an asset purchase agreement, which provided for the sale of the business and the real property as a package for a price of $1,300,000. The agreement conditioned the sale on Rogers's ability to obtain financing from a bank in an amount no less than $1,170,000. Rogers could not obtain the financing, however, and, in September 2000 the asset purchase agreement was canceled. The defendant and Rogers continued discussions, this time focusing on Rogers's purchase of the business only and his leasing of the real property. On April 23, 2001 after the expiration of the "tail period," Rogers, on behalf of a corporate entity known as Crystal House Manor, Inc. (hereinafter Crystal House), entered into an agreement with the defendant for the purchase of the business only at a price of $500,000. The defendant leased the real estate to Rogers and Crystal House in a separate lease that contained an option to purchase the property for the sum of $800,000.

The plaintiffs commenced this action to recover a commission in the sum of $84,000. After the Supreme Court granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action to recover damages based on quantum meruit and for violation of General Business Law § 349, the parties agreed to a nonjury trial on stipulated facts to resolve the remaining causes of action. After the trial, the Supreme Court found for the defendant and entered a judgment dismissing the complaint. The plaintiffs appeal. We affirm.

"Unless the parties have agreed otherwise, a real estate broker will be deemed to have earned his [or her] commission when he [or she] produces a purchaser who is not only ready and willing to purchase at the terms set by the seller, but able to do so as well" (*Rusciano Realty Servs. v Griffler*, 62 NY2d 696, 697 [1984]). The mere signing of a contract does not establish that the buyer is financially able to complete the transaction and meet the purchase price (*see Central City Brokerage Corp. v Elyachar*, 40 AD3d 452, 453 [2007]).

The plaintiffs contend that they became entitled to a commission when the defendant and Rogers entered into the agreement dated September 1, 2000. We disagree. The agreement provided that the sale of the business and real estate package was contingent upon Rogers's ability to obtain financing. He was unable to secure the financing and therefore could not go forward with the purchase. Thus, the Supreme Court properly concluded that, although Rogers may have been ready and will-

ing to consummate the transaction, he was not able to do so, and therefore the plaintiffs did not produce a purchaser who was ready, willing, and able to purchase at the terms set by the seller.

The plaintiffs' remaining contention is without merit. Fisher, J.P., Miller, Carni and Dickerson, JJ., concur.