RICHARD E. POSSON, Doing Business as POSSON REALTY, Respondent, v DAVID PRZESTRZELSKI, Appellant. (And a Third-Party Action.) [870 NYS2d 147]—

Carpinello, J.

Defendant has two siblings, a brother and a sister, all three of whom are owners as tenants in common of real property in the Town of Minden, Montgomery County. In September 2004, defendant and his sister signed an exclusive listing agreement with plaintiff, a licensed real estate broker, whereby plaintiff would market the property at an asking price of $290,000. Pursuant to the listing agreement, plaintiff was to receive an 8% commission for procuring a ready, willing and able buyer. As relevant here, plaintiff presented a $290,000 "as is" purchase offer from Martin Glaviano in March 2005. The sister accepted it but defendant rejected it. Plaintiff thereafter commenced this action against defendant to recover the commission and counsel fees. Following joinder of issue and defendant's commencement of a third-party action against his sister for contribution, defendant

and plaintiff each moved for summary judgment. Supreme Court denied both motions without prejudice. Defendant appeals and we now affirm.

Defendant contends that he was entitled to summary judgment because Glaviano's affidavit, submitted by plaintiff in opposition to his motion, failed to establish his financial ability to purchase the subject property. "In the absence of an agreement to the contrary, a real estate broker will be deemed to have earned his [or her] commission when he [or she] produces a buyer who is ready, willing and able to purchase at the terms set by the seller" (*Blackmore v Wigne Land Corp.*, 97 AD2d 889, 889 [1983] [citation omitted]; *see Posson v Hayes*, 37 AD3d 936, 937 [2007]). Evidence of a potential purchaser's financial ability to meet the purchase price, an essential element of a broker's entitlement to a commission, may be found by unequivocal references to identified sources, such as assets normally used as collateral to secure a loan for the required amount (*see Siegel v Liese*, 23 AD2d 425, 426-427 [1965], *affd* 18 NY2d 930 [1966]; *DuBois v McDade*, 173 AD2d 1092, 1092 [1991]; *Pintaville v Rallis*, 35 AD2d 891, 891-892 [1970]; *see also Prime City Real Estate Co. v Hardy*, 256 AD2d 80, 81 [1998]).

Here, Glaviano averred that, at the time of his purchase offer to defendant, he owned and held substantial equity in a separate piece of real property valued at over $400,000. Thus, even assuming that defendant met his initial burden on his motion, we find that plaintiff sufficiently raised a question of fact regarding Glaviano's financial ability to purchase defendant's property thus precluding summary judgment in his favor (*see DuBois v McDade*, 173 AD2d at 1093; *Hudson Michael Realty v Oliner*, 140 AD2d 778, 778-779 [1988]).

We have examined defendant's remaining contentions and have found them to be unavailing.

Mercure, J.P., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, with costs.