■ COURTHOUSE CORPORATE CENTER LLC, Respondent, v RICHARD SCHULMAN et al., Appellants. [902 NYS2d 160]—

In an action, inter alia, to recover damages for breach of a

commercial lease, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated February 23, 2009, as granted those branches of the plaintiff's motion which were pursuant to CPLR 3211 (b) to dismiss the affirmative defenses of collateral estoppel and res judicata, and denied their cross motion for summary judgment dismissing the first and second causes of action based on the doctrines of collateral estoppel and res judicata, and for summary judgment dismissing the complaint insofar as asserted against the defendant Richard Schulman, individually and doing business as LAN Associates.

Ordered that the order is affirmed insofar as appealed from, with costs.

In October 2001 the plaintiff, Courthouse Corporate Center LLC (hereinafter CCC), as lessor, entered into a commercial lease with the defendant LAN Associates (hereinafter LAN), as lessee. The lease was for a term of seven years and two months, beginning in December 2001 and ending in January 2009. The individual defendant, Richard Schulman, signed the lease as "Richard Schulman, Pres."

During the term of the lease, disputes arose over conditions in the premises and LAN's alleged nonpayment of rent. LAN commenced an action against CCC seeking, inter alia, a *Yellowstone* injunction (*see First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630 [1968]). Thereafter, CCC commenced a holdover proceeding and, eventually, the parties to the lease stipulated, among other things, that LAN would vacate the premises. CCC then commenced this action against LAN, as well as against Schulman, individually and doing business as LAN, inter alia, seeking damages for breach of the lease. CCC alleged that Schulman was individually liable on the ground that LAN was not an entity licensed to conduct business in New York State and, alternatively, under the doctrine of piercing the corporate veil. In its first and second causes of action, CCC sought to recover unpaid rent for the period of April 2005 through March 2007, as well as an attorneys' fee in connection with its attempts to collect that rent. In their answer, the defendants raised the affirmative defenses of res judicata and collateral estoppel with respect to those causes of action, and LAN also asserted a counterclaim against CCC.

Eventually, CCC moved pursuant to CPLR 3211 (b) to dismiss those affirmative defenses and LAN's counterclaim, and the defendants cross-moved for summary judgment dismissing the first and second causes of action on the basis of those defenses and dismissing the complaint insofar as asserted against Schul-

man individually and doing business as LAN. The Supreme Court granted CCC's motion to dismiss the affirmative defenses and the counterclaim and denied the defendants' cross motion. The defendants appeal from so much of the order as granted those branches of CCC's motion which were to dismiss the defendants' affirmative defenses and denied their cross motion. We affirm the order insofar as appealed from.

Pursuant to CPLR 3211 (b), a party may move for judgment dismissing one or more defenses on the ground that a defense is not stated or has no merit. "In reviewing a motion to dismiss an affirmative defense, the court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of every reasonable inference" (*Fireman's Fund Ins. Co. v Farrell*, 57 AD3d 721, 723 [2008]; *see Butler v Catinella*, 58 AD3d 145, 147-148 [2008]). Here, the Supreme Court properly granted those branches of CCC's motion which were pursuant to CPLR 3211 (b) to dismiss the affirmative defenses of collateral estoppel and res judicata and properly denied those branches of the defendants' cross motion which were for summary judgment dismissing the first and second causes of action based on those affirmative defenses. CCC established, as a matter of law, that res judicata and collateral estoppel did not apply because the defendants did not establish that the issue of their payment of rent for the disputed period was actually decided in the prior actions (*see Mahler v Campagna*, 60 AD3d 1009, 1011 [2009]).

The Supreme Court also properly denied that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against Schulman individually and doing business as LAN Associates. As the moving party, the defendants had the burden of establishing their prima facie entitlement to such relief (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Crespo v Pucciarelli*, 21 AD3d 1048, 1049 [2005]). " 'The defense of agency in avoidance of contractual liability is an affirmative defense and the burden of establishing the disclosure of the agency relationship and the corporate existence and identity of the principal is upon he who asserts an agency relationship' " (12 Lord, Williston on Contracts § 35:35, at 359 [4th ed], quoting *Brown v Owen Litho Serv., Inc.*, 179 Ind App 198, 199, 384 NE2d 1132, 1133 [2d Dist 1979]; *see Ingordo v Square Plus Operating Corp.*, 276 AD2d 528 [2000]). When an agent signs on behalf of a principal, but the identity or legal status of the principal is not disclosed, the agent may be held individually liable on the contract (*see Kwangjin Song v MGM Dev., LLC*, 30 AD3d 1040 [2006];

*Continental Manor II Condominium Homeowners Assn. v Depew*, 277 AD2d 340 [2000]; *New England Mar. Contrs. v Martin*, 156 AD2d 804, 804-805 [1989]; 12 Lord, Williston on Contracts § 35:35, at 359 [4th ed]). In support of that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against Schulman individually and doing business as LAN Associates, the defendants failed to establish, prima facie, that Schulman disclosed the legal status of LAN Associates when he signed the lease. Consequently, the cross motion was properly denied, without regard to the adequacy of the plaintiff's papers in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In light of our determination, we need not reach the parties' remaining contentions. Fisher, J.P., Santucci, Eng and Chambers, JJ., concur.