RICHARD E. POSSON, Doing Business as POSSON REALTY, Respondent, v DAVID PRZESTRZELSKI, Defendant and Third-Party Plaintiff-Appellant. DOLORES A. HAYES, Third-Party Defendant-Respondent. [910 NYS2d 579]—

Malone Jr., J. Appeals (1) from an order of the Supreme Court (Sullivan, J.), entered July 2, 2009 in Chenango County, which, among other things, granted plaintiff's cross motion for summary judgment, and (2) from the judgment and amended judgment entered thereon.

On the prior appeal involving these actions concerning a real estate broker commission, this Court affirmed an order of Supreme Court (Garry, J.), which, among other things, denied defendant's motion for summary judgment dismissing the complaint (*Posson v Przestrzelski*, 57 AD3d 1301 [2008]). Thereafter, third-party defendant moved for summary judgment dismissing the third-party complaint and defendant cross-moved to amend the third-party complaint to add claims for indemnification and a prima facie tort. After further discovery was completed, plaintiff moved for summary judgment on the complaint. Supreme Court (Sullivan, J.) denied defendant's motion, but granted the motions of plaintiff and third-party defendant. Defendant appeals.

"In the absence of an agreement to the contrary, a real estate broker will be deemed to have earned his [or her] commission when he [or she] produces a buyer who is ready, willing and able to purchase at the terms set by the seller" (*Posson v Przestrzelski*, 57 AD3d 1301, 1302 [2008] [internal quotation marks and citation omitted]; *see Posson v Hayes*, 37 AD3d 936, 937 [2007]). Plaintiff here cross-moved for summary judgment, contending that his presentation of a ready, willing and able buyer to defendant and third-party defendant—siblings who, together with a third sibling, were co-owners of the subject property—entitles him to the agreed-upon commission, despite the fact that the sale was never consummated.* As the proponent of summary judgment, plaintiff had the initial burden to establish his entitlement to the commission as a matter of law and, on this record, we find that he did not satisfy this burden. The listing agreement at issue obligated plaintiff to procure a purchaser who was willing and able to purchase the property "at the listed price and terms, or at a price and term acceptable to [the sellers]." Although plaintiff was able to present a purchaser willing to offer the listing price, "it is incumbent upon the broker to bring the parties in agreement not only with respect to the price but 'to all terms customarily encountered in such a transaction' before the commission is earned" (*Posson v Hayes*, 37 AD3d at 937, quoting *Kaelin v Warner*, 27 NY2d 352, 355 [1971]). The listing agreement does not set forth the terms necessary to complete the sale and plaintiff produced no evidence that there had been a meeting of the minds between the sellers and the purchaser on the essential terms (*see Posson v Hayes*, 37 AD3d at 937; *Realty Invs. of USA v Bhaidaswala*, 254 AD2d 603, 604 [1998]). Accordingly, plaintiff's proof was insuf-

---

* The offer, which was for the listing price, was rejected by defendant, but accepted by third-party defendant and allegedly accepted by the third sibling.

ficient to establish as a matter of law that he was entitled to the commission and his cross motion for summary judgment should have been denied. Moreover, defendant's submissions in opposition to plaintiff's motion raised issues of fact with respect to whether, at the time the offer was made, the purchaser was financially able to complete the transaction, thus further precluding summary judgment in plaintiff's favor.

We agree, however, that defendant's claim for contribution against third-party defendant was properly dismissed inasmuch as contribution is not available in an action such as this in which the remedy sought is "purely economic damages" (*Children's Corner Learning Ctr. v A. Miranda Contr. Corp.*, 64 AD3d 318, 323 [2009]; *see* CPLR 1401). As for the remaining claims, to state a cause of action for intentional interference with contract and tortious inducement of a breach of contract, defendant was required to allege the existence of a contract between him and plaintiff, that third-party defendant knew about the contract and intentionally caused plaintiff to breach the contract, resulting in damages to defendant (*see Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94 [1993]; *Clearmont Prop., LLC v Eisner*, 58 AD3d 1052, 1055 [2009]). Instead, defendant alleged that third-party defendant intentionally caused him to breach the listing agreement, resulting in damages to plaintiff. Accordingly, those claims were also properly dismissed. Finally, we are not persuaded by defendant's contention that Supreme Court abused its discretion by denying his motion to amend the third-party complaint on the basis that the proposed amendments were "wholly devoid of merit" (*Moon v Clear Channel Communications*, 307 AD2d 628, 629 [2003]; *see Pagan v Quinn*, 51 AD3d 1299, 1300 [2008]).

Mercure, J.P., Rose, Kavanagh and Stein, JJ., concur. Ordered that the order, judgment and amended judgment are modified, on the law, without costs, by reversing so much thereof as granted plaintiff's cross motion for summary judgment; cross motion denied; and, as so modified, affirmed.