■ ISLAND ASSOCIATES REAL ESTATE, INC., Respondent, v TED DOUKAS et al., Appellants. [14 NYS3d 407]—

In an action to recover a real estate broker's commission, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Emerson, J.), entered May 30, 2012, which denied the motion of the defendant Ted Doukas pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiff and against him and for judgment as a matter of law dismissing the complaint insofar as asserted against him, or alternatively, to set aside the jury verdict against him as contrary to the weight of evidence and for a new trial, (2) a judgment of the same court entered May 17, 2012, which, upon the jury verdict, is in favor of the plaintiff and against the defendant Ted Doukas in the principal sum of $775,000, and (3) an order of the same court dated June 18, 2013, which denied the motion of the defendant Ted Doukas, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to renew his prior motion.

Ordered that the appeals by the defendants 60 Louden Avenue Corp., 4 Louden Avenue Corp., and M.D. Stat, LLC, are dismissed, as those defendants are not aggrieved by the orders and judgment appealed from (*see* CPLR 5511); and it is further,

Ordered that the appeal by the defendant Ted Doukas from the order dated June 18, 2013, is dismissed as abandoned; and it is further,

Ordered that the order entered May 30, 2012, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion of the defendant Ted Doukas pursuant to CPLR 4404 (a) which was to set aside, as contrary to the weight of the evidence, so much of the jury verdict as awarded the plaintiff a brokerage fee of $125,000 in connection with the sale of certain lots designated as lots five and six, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed on the appeal by the defendant Ted Doukas; and it is further,

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the plaintiff a brokerage fee in the sum of $125,000 in connection with the sale of certain lots designated as lots five and six; as so modified, the judgment is affirmed on the appeal by the defendant Ted Doukas, and the matter is remitted to the Supreme Court, Suffolk County, for a severance of the cause of action seeking a brokerage fee in connection with the sale of certain lots designated as five and six, a new trial on that cause of action, and thereafter the entry of an appropriate judgment; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendant Ted Doukas.

The defendant Ted Doukas failed to preserve for appellate review his argument that he was entitled to judgment as a matter of law dismissing the plaintiff's cause of action seeking a brokerage fee of $125,000 in connection with the sale of certain lots designated as lots five and six because, by failing to move pursuant to CPLR 4401 for judgment as a matter of law at the close of evidence, he implicitly conceded that the issue was for the trier of fact to determine (see Miller v Miller, 68 NY2d 871, 873 [1986]; Williams v New York City Tr. Auth., 121 AD3d 780 [2014]; Blinds to Go [U.S.], Inc. v Times Plaza Dev., L.P., 88 AD3d 838, 839 [2011]).

A court may set aside a jury verdict as contrary to the weight of the evidence and order a new trial if the evidence so preponderates in favor of the moving party that the jury's conclusion could not have been reached on any fair interpretation of the evidence (see Lolik v Big v Supermarkets, 86 NY2d 744, 746 [1995]; Rivera v Motor Veh. Acc. Indem. Corp., 119 AD3d 540 [2014]). "Unless the parties have agreed otherwise, a real estate broker will be deemed to have earned his commission when he produces a purchaser who is not only ready and willing to purchase at the terms set by the seller, but able to do

so as well" (*Rusciano Realty Servs. v Griffler*, 62 NY2d 696, 697 [1984]). The prospective buyer's financial ability is an essential element, and one which the plaintiff is required to establish in order to recover (*see id.* at 697-698). Here, a fair interpretation of the evidence does not support the jury's finding that the prospective buyer whom the plaintiff produced was financially able to purchase the property designated as lots five and six. The notice of intent to purchase this property that the plaintiff produced did not establish the element of financial capability (*see F. Richard Wolff & Son, Inc. v Tutora*, 50 AD3d 950, 951 [2008]). Therefore, the Supreme Court should have granted that branch of Doukas' motion pursuant to CPLR 4404 (a) which was to set aside, as contrary to the weight of evidence, so much of the jury verdict as awarded the plaintiff $125,000 in connection with the sale of this property, and ordered a new trial on that cause of action.

However, contrary to Doukas' contention, a fair interpretation of the evidence supports the jury verdict rejecting the affirmative defense of agency with respect to the cause of action to recover a brokerage fee in connection with the sale of lots 4.02, 4.05, 4.06, and 4.07 (*see Safety Envtl., Inc. v Barberry Rose Mgt. Co., Inc.*, 94 AD3d 969 [2012]; *Courthouse Corporate Ctr. LLC v Schulman*, 74 AD3d 725, 727 [2010]; *see generally Nicastro v Park*, 113 AD2d 129 [1985]).

Doukas' remaining contentions are unpreserved for appellate review. Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.