■ In the Matter of ZAHRADA S.M.R. CATHOLIC GUARDIAN SERVICES, Respondent; WANDA C.R., Appellant. [34 NYS3d 111]—

Appeal from an order of fact-finding and disposition of the Family Court, Queens County (Mary R. O'Donoghue, J.), dated December 10, 2014. The order, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated her parental rights, and transferred guardianship and custody of the child to the Commissioner of Social Services of the City of New York and the petitioner, Catholic Guardian Services, for the purpose of adoption.

Ordered that the order of fact-finding and disposition is modified, on the law and the facts, by deleting the provision thereof terminating the mother's parental rights and transferring guardianship and custody of the subject child to the Commissioner of Social Services of the City of New York and Catholic Guardian Services for the purpose of adoption; as so modified, the order of fact-finding and disposition is affirmed, without costs or disbursements, the finding of permanent neglect remains in effect, and the matter is remitted to the Family Court, Queens County, for a new dispositional hearing and a new disposition thereafter.

In January 2014, the petitioner, Catholic Guardian Services, filed a petition to terminate the mother's parental rights, alleging that the mother had permanently neglected the subject child from the time of the child's placement into foster care in April 2012. Following fact-finding and dispositional hearings, the Family Court determined that the petitioner proved the allegations of permanent neglect by clear and convincing evidence, terminated the mother's parental rights, and transferred guardianship and custody of the child to the Commissioner of Social Services of the City of New York and the petitioner for the purpose of adoption. The mother appeals.

The mother contends that she was entitled to judgment as a matter of law dismissing the cause of action alleging permanent neglect. This contention is unpreserved for appellate review because, by failing to move pursuant to CPLR 4401 for judg-

ment as a matter of law at the close of evidence, the mother implicitly conceded that there were issues for the trier of fact to determine (*see Island Assoc. Real Estate, Inc. v Doukas*, 130 AD3d 684, 685 [2015]; *Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co., Inc.*, 102 AD3d 770, 772 [2013]).

Moreover, based on all the testimony at the fact-finding hearing, the petitioner met its burden of establishing, by clear and convincing evidence, that, despite its diligent efforts to encourage and strengthen the parental relationship, the mother permanently neglected the child by failing substantially and continuously to maintain contact with the child or plan for the child's future although she was financially able to do so (*see* Social Services Law § 384-b [7] [a]; *Matter of Star Leslie W.*, 63 NY2d 136, 142-143 [1984]).

However, based on post-hearing facts and allegations, of which this Court may properly take notice to the extent they indicate that the record before us is no longer sufficient to review whether the Family Court's determinations are in the child's best interests (*see Matter of Michael B.*, 80 NY2d 299, 318 [1992]), it is not clear that termination of the mother's parental rights is in the child's best interests (*see Matter of Arthur C.*, 66 AD3d 1009, 1010 [2009]; *Matter of Antonette Alasha E.*, 8 AD3d 375, 376 [2004]). Accordingly, we must remit the matter to the Family Court, Queens County, for a new dispositional hearing to determine the child's best interests and for a new disposition thereafter. In so doing, we express no opinion as to the appropriate disposition. Leventhal, J.P., Miller, Duffy and Connolly, JJ., concur.