Matter of Tyshawn P., Jr. (Tyshawn P., Sr.) (2024 NY Slip Op 04688)

Matter of Tyshawn P., Jr. (Tyshawn P., Sr.)

2024 NY Slip Op 04688

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

626 CAF 22-01954

[*1]IN THE MATTER OF TYSHAWN P., JR. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT; TYSHAWN P., SR., RESPONDENT-APPELLANT.

KELIANN M. ARGY, ORCHARD PARK, FOR RESPONDENT-APPELLANT.
JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (MARY M. WHITESIDE OF COUNSEL), FOR PETITIONER-RESPONDENT.
JESSICA L. WRIGHT, ROCHESTER, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Monroe County (Dandrea L. Ruhlmann, J.), entered November 1, 2022, in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent father appeals from an order that, inter alia, terminated his parental rights with respect to the subject child on the ground of permanent neglect. We affirm.
Initially, we conclude that the father's contention that the petition against him must be dismissed on the ground that it was filed prematurely is unpreserved for our review. The father failed to move pursuant to CPLR 4401 for judgment as a matter of law on that ground at the close of evidence in the permanent neglect hearing held with respect to the petition against him (see Matter of Zahrada S.M.R. [Wanda C.R.], 140 AD3d 969, 969-970 [2d Dept 2016]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). The father could not preserve his contention in that regard merely by joining the mother's motion to dismiss the petition in the separate permanent neglect hearing held with respect to a petition against the mother.
We also reject the father's contention that petitioner failed to establish that it exercised diligent efforts to encourage and strengthen the parent-child relationship while the father was incarcerated, as required by Social Services Law § 384-b (7) (a) (see Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429 [2012]; Matter of Sheila G., 61 NY2d 368, 373, 380-381 [1984]). Where, as here, a parent is incarcerated during the relevant period of time, petitioner's duty to engage in diligent efforts to strengthen the parent-child relationship "may be satisfied by informing the parent of the child['s] well-being and progress, responding to the parent's inquiries, investigating relatives suggested by the parent as placement resources, and facilitating communication between the child[ ] and the parent" (Matter of Jarrett P. [Jeremy P.], 173 AD3d 1692, 1694 [4th Dept 2019], lv denied 34 NY3d 902 [2019] [internal quotation marks omitted]; see § 384-b [7] [f]). Here, we conclude that petitioner exercised diligent efforts inasmuch as its caseworker facilitated monthly in-person visits between the father and the child, repeatedly provided him with updates about the child, provided him with the opportunity to participate in service provider reviews, and investigated the relatives suggested by the father as potential placement resources.
We also conclude that, contrary to the father's contention, petitioner established that, [*2]despite its diligent efforts, the father failed substantially and continuously or repeatedly to plan appropriately for the future of the child (see Matter of Christian C.-B. [Christopher V.B.], 148 AD3d 1775, 1776-1777 [4th Dept 2017], lv denied 29 NY3d 917 [2017]). The record shows that the father's "failure . . . to provide any realistic and feasible alternative to having the child[ ] remain in foster care until [his] release from prison . . . supports a finding of permanent neglect" (Matter of Davianna L. [David R.], 128 AD3d 1365, 1365 [4th Dept 2015], lv denied 25 NY3d 914 [2015] [internal quotation marks omitted]; see Matter of Nykira H. [Chellsie B.-M.], 181 AD3d 1163, 1164 [4th Dept 2020]).
Finally, we conclude that the evidence supports Family Court's determination that termination of the father's parental rights is in the best interests of the child (see Matter of Alex C., Jr. [Alex C., Sr.], 114 AD3d 1149, 1150 [4th Dept 2014], lv denied 23 NY3d 901 [2014]). Among other things, the steps taken by the father to address the issues that led to the child's removal were "not sufficient to warrant any further prolongation of the child's unsettled familial status" (Matter of Alexander M. [Michael A.M.], 106 AD3d 1524, 1525 [4th Dept 2013] [internal quotation marks omitted]; see Matter of Zackery S. [Christa P.], 224 AD3d 1336, 1337 [4th Dept 2024], lv denied 41 NY3d 909 [2024]).
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court